Porter, J.
 

 The letter of the defendant, though addressed to the partner who happened to be at home, was evidently intended to authorize a draft by the firm. It is to be read in the light of the surrounding circumstances,
 
 *209
 
 proof of which was properly admitted, to aid the court in ascertaining the purpose of the paper, and in applying and.interpreting its language (Hutchins
 
 v.
 
 Hebbard, 34
 
 N. Y,
 
 24 ; Agawam Bank
 
 v.
 
 Strever, 18
 
 Id.,
 
 509 ; Blossom v. Griffin, 13
 
 N. Y.
 
 [3
 
 Kern.],
 
 569 ; French
 
 v.
 
 Carhart, 1
 
 N. Y.
 
 [1
 
 Comst.],
 
 102).
 

 The defendant was substantially the borrower. Burton
 
 &
 
 Hubbard were indebted to him on open and current account, but they had no available means of payment. His own paper was maturing, and he wished to borrow in Ohio, for Ms use, what he could not obtain at home in the then stringent condition of the money market. They told him they could not obtain the loan without the aid of his credit; and he accordingly furnished them with a written authority to make the draft, for the precise purpose of giving credit to the paper, of which he was to receive the proceeds.
 

 The judge seems to have been of opinion that as there was no agreement,
 
 in terms,
 
 to honor the draft, the transaction did not amount to an unconditional promise of acceptance within the meaning of the statute. He held, however, that the defendant was responsible, as upon a
 
 letter of credit,
 
 on the faith of which the plaintiffs made the discount. In a rigid and technical sense, that name may not be strictly appropriate; and yet, in view of the intention with which the letter was written, and the purpose for which it was to be used, the designation can scarcely be called, a misnomer. In its substantial office, the writing was really a letter of credit; but it was also something more. In view of the peculiar circumstances under which it was given, the defendant’s unqualified authority to draw on him for the amount was equivalent to an unconditional promise to pay the draft. The absence of technical promissory words is of no practical moment, where the language employed is such as to raise an imperative legal obligation (Bank of Michigan v. Ely, 17
 
 Wend.,
 
 508, 512; Ulster County Bank
 
 v.
 
 McFarlan, 5
 
 Hill,
 
 432).
 

 The objection that the complaint is insufficient to
 
 *210
 
 uphold the judgment is one which we cannot sustain. It is "based on the statutory provision that a written and unconditional promise to accept a bill, before it is drawn, shall be deemed an actual acceptance, in favor of a party purchasing- on the faith of such an engagement. This provision was not designed to prescribe a form of pleading, but to furnish a rule of judgment. Under our present system, a plaintiff is at liberty to state, in his complaint, the actual facts which raise a cause of action in his favor. In the present case, the plaintiffs alleged the promise made by the defendant, and his refusal to perform it; they proved the truth of what they averred; and they deduce •their title to judgment through a statute which makes these facts conclusive in support of their- legal right.
 

 All the judges concurred.
 

 Judgment affirmed.