JOSEPH HEGEMAN, RESPONDENT, v. CHRISTINA S. MOON AND ANOTHER, EXECUTORS OF CORNELIA W. HEGEMAN, DECEASED, APPELLANTS.

*Bills and notes — payable after death — when a liability is created.*

A complaint alleged that the defendants' testatrix in her lifetime executed and delivered to the plaintiff an instrument in the following form : " One year after my death I hereby direct my executors to pay to Joseph Hegeman, his heirs, executors or assigns, the sum of nineteen hundred and seventy-six dollars and ninety cents, being the balance due him for cash advanced at various times by him to Adrian Hegeman, my son, and others, as per statement rendered by him this day, without interest."

To this complaint a demurrer was interposed.

*Held*, that the instrument, although it contained no promissory words, created a valid liability against the estate of the testatrix.

APPEAL by the defendants Christina S. Moon and Morse Burtis, executors of the last will and testament of Cornelia W. Hegeman, deceased, from an interlocutory judgment entered in the clerk's office of Kings county, on the 8th day of January, 1891, overruling the demurrer interposed by said defendants to the plaintiff's complaint, and, also, from an order directing the entry of said interlocutory judgment.

*Benjamin G. Hitchings*, for the appellants.

*Woodward & Buckley*, for the respondent.

DYKMAN, J. :

The complaint in this action states that at various times between the 1st day of November, 1863, and the 1st day of May, 1867, the plaintiff lent and advanced to his nephew, Adrian Hegeman, for his own account and the account of his mother, Cornelia W. Hegeman, various sums of money, amounting in all to about $3,075, which Adrian Hegeman promised to repay to the plaintiff. That on or about the 1st day of January, 1869, there was due and owing by Adrian Hegeman to the plaintiff for such money loaned and interest, about $3,363.41, for which Adrian Hegeman made his promissory note to the plaintiff whereby he promised to pay to the plaintiff the sum of $3,363.41 on demand, with interest.

That on the 8th day of February, 1871, Cornelia W. Hegeman paid to the plaintiff a bond of the Wabash Railroad Company of the par value of $1,000 on account of such indebtedness, and on the same day the plaintiff surrendered and delivered to her the said note of Adrian Hegeman and extended the time for the payment of the money, and thereupon, in consideration thereof and of the plaintiff's agreement to accept the principal of the amount due without interest, and of other sufficient considerations, the said Cornelia W. Hegeman made and delivered to the plaintiff her certain draft or order in writing, of which the following is a copy:

"$1,976$\frac{90}{100}$                    "BROOKLYN, *February* 8, 1871.

" One year after my death I hereby direct my executors to pay to Joseph Hegeman, his heirs, executors or assigns, the sum of nineteen hundred and seventy-six dollars and ninety cents, being the balance due him for cash advanced at various times by him to Adrian Hegeman, my son, and others as per statement rendered by him this day, without interest.

                    "CORNELIA W. HEGEMAN."

Then the complaint states further that Cornelia W. Hegeman died about the 3d day of December, 1888, leaving a last will and testament, which has been duly proved; that the defendants Moon and Burtis are the executors named in the will, and that they have qualified and now are such executors, and the whole amount is due and owing.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

The demurrer was overruled by the trial court, and the defendants have appealed from the judgment entered upon that decision, and the question presented is whether the instrument set out in the complaint constituted a valid claim against the estate of the deceased which the executors were bound to pay.

It is easily gathered from an examination of the paper that the plaintiff rendered a statement to the testatrix of the amount due him for money advanced to her son, and that she undertook to pay the same without interest, and executed the paper for that purpose; and while she inserted in the instrument no promissory words, yet

the language employed was intended to raise a legal obligation to pay the money, and that is sufficient to create a liability. (*Barney* v. *Worthington*, 37 N. Y., 112.)

The instrument was not of a testamentary character, but was negotiable or assignable. It was payable one year after the death of the maker, and that was sufficiently definite because it was certain to come, and there is no time limited beyond which obligations may not be made payable

It is true the obligation matured after the death of the testatrix, but considered as a liability upon contract, which we think is a justifiable conclusion, the fact constitutes no objection to the claim, for all instruments imposing liability are as valid against the estates of the makers as they were against the makers during their lives.

Our conclusion is that the judgment should be affirmed, with costs.

BARNARD, P. J., concurred.

Order overruling demurrer to complaint, affirmed, with costs.