Isaac Cohen, Appellant, v. Felice Boccuzzi, Respondent.

(Supreme Court, Appellate Term, January, 1904.)

Penal Code, § 640d, relative to authority to sell realty in cities of the
first and second class — Constitutionality — Insufficient authority to
sell — Dismissal of the complaint on the merits in the Municipal
Court of the city of New York.

A memorandum, procured by a real estate broker from Felice
Boccuzzi owner of real property in the city of New York, reading
" Property 76 Mangin Street; $9,000.00, no less — Felice Boccuzzi ".
signed by his direction by his son alone, is not a sufficient com-
pliance, in the matter of written authority to sell, with Penal
Code, § 640d, added by L. 1901, ch. 128, declaring that " In cities
of the first and second class, any person who shall offer for sale
any real property without the written authority of the owner of
such property or of his attorney in fact, appointed in writing,
shall be guilty of a misdemeanor " — and without such written
authority the broker cannot recover commissions of the owner.

The memorandum is also insufficient to show any authority to
sell at any price.

Under the Municipal Court Act (L. 1902, ch. 580, § 249, subd. 1)
an action in that court may be dismissed on the merits with costs
where, at the close of the whole case, the court is of the opinion
that the plaintiff is not entitled to recover as matter of law.

The record should, however, show that both parties had rested
when the motion for a dismissal was made.

Appeal from a judgment in favor of the defendant ren-
dered in the Municipal Court of the city of New York,
fifth district, borough of Manhattan.

Action for a broker's commissions on a sale of real estate.

Max Silverstein, for appellant.

Nicholas Aleinikoff, for respondent.

Greenbaum, J.   The plaintiff sought to hold the defend-
ant liable for commissions claimed to have been earned in
procuring a purchaser for the defendant's real property.
After the plaintiff had rested his case, defendant's motion to
dismiss was granted and judgment dismissing the action
upon the merits was rendered.   Unless the plaintiff could
show written authority from the defendant no recovery can
be had.   Whitely v. Terry, 83 App. Div. 197.

Plaintiff testified that he procured from the defendant

a pencil memorandum, written out and signed by defendant's son by direction of his father, which read as follows: " Property 76 Mangin Street; $9,000.00, no less — Felice Boccuzzi."

It is urged by appellant that this memorandum is a sufficient compliance with chapter 128 of the Laws of 1901, which, so far as it is necessary to quote therefrom, provides as follows: " § 640d. In cities of the first and second class, any person who shall offer for sale any real property without the written authority of the owner of such property, or of his attorney in fact, appointed in writing,  *  *  * shall be guilty of a misdemeanor." The paper was concededly not signed by the defendant nor " by his attorney in fact, appointed in writing," and a mere direction to a third person to sign his name is not sufficient to avoid the effect of the statute, which was designed to prevent frauds in the matter of negotiating sales of real property. Nor can it be held that the memorandum conferred authority upon the plaintiff to offer the defendant's property for sale for $8,750, which is the sum for which the plaintiff claimed he had procured a purchaser and upon which he based his claim of one per cent. commission, to wit: $87.50. If appellant's contention be sound, the purposes of the statute could readily be defeated by a broker procuring a written authorization to sell an owner's property for a sufficiently large amount, that would tempt the owner to give such authority, and then upon the broker's oral testimony that the owner authorized him to make a sale for a smaller sum, the broker could claim to be within the statute.

The memorandum, too, is insufficient to show any authority to sell at any price. If such a memorandum can be construed as giving authority to sell, then could any person, upon merely calling upon an owner and getting him to write a figure on a piece of paper at which he is willing to sell, and sign his name thereto, argue from that single circumstance that he was authorized to sell the property and base a claim for commission thereon. The undisputed facts clearly show that the plaintiff was not entitled to any recovery, and the complaint was properly dismissed.

35

Supreme Court, Appellate Term, January, 1904.    [Vol. 42.

The appellant also urges error because of the dismissal of the complaint upon the merits, citing Merkin v. Gersh, 30 Misc. Rep. 758, and Lampert v. Ravid, 33 id. 115.    The cases cited arose before the present Municipal Court Act was in effect and when the justice was only permitted to dismiss the complaint for failure to prove a cause of action, without prejudice to a new action.    The provision of law then in force was similar to that now found in section 248 of the Municipal Court Act.    The existing Municipal Court Act, however, also provides:    " § 249.    Judgment that the action be dismissed on the merits with costs may be rendered in the following cases :

" 1.    Where, at the close of the whole case, the court is of the opinion that the plaintiff is not entitled to recover as a matter of law."

The return in this case reads :    " The case here closed, and said justice thereupon, etc., rendered judgment in favor of the defendant and against the plaintiff, dismissing the action upon the merits."

It is thus evident that the justice considered the case closed, although from the stenographer's minutes it would appear that the motion to dismiss was made at the conclusion of the plaintiff's case and without any statement that both parties had rested.    It clearly appears that the judgment of the court was based upon the opinion of the court that the plaintiff was not entitled to recover as matter of law, and as it is not apparent how the plaintiff can strengthen his case upon any future trial, and as it may be considered from the return that all the parties treated the case as closed, the judgment will not be disturbed.    Where it is desired to have a dismissal on the merits upon the conclusion of the case the better practice would be to have the record show that both parties rested, and there would then be no question as to the power of the court in a proper case to dismiss the complaint on the merits.

The judgment is affirmed, with costs.

FREEDMAN, P. J., and GILDERSLEEVE, J., concur.

Judgment affirmed, with costs.