## MARKS v. ELLIOT.

(Supreme Court, Appellate Term. November 10, 1904.)

1. BROKERS—COMMISSIONS—WHEN EARNED.

An owner in writing authorized a broker to offer his property for sale for a fixed sum, and agreed to pay a commission on the sale. It was orally agreed that a part of the purchase price should be paid on the signing of a contract for the purchase and the balance in cash in four months when the deed was to be delivered. The broker procured a purchaser, but the sale was not consummated because of his refusal to consent to a new arrangement as to the payment of the commission. *Held*, that the broker was entitled to his commission.

Appeal from City Court of New York, Trial Term.

Action by Alfred C. Marks against Arthur H. Elliot. From a judgment for plaintiff and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Rollins & Rollins, for appellant.
Jacob Fromme, for respondent.

FREEDMAN, P. J. The action was brought for a broker's commission. Although the sale was not consummated, the plaintiff, as a broker, was entitled to his commission upon proof of due employment by the defendant to find a purchaser for the real estate

¶ 1. See Brokers, vol. 8, Cent. Dig. § 94.

in question, and that he did procure a responsible purchaser willing to buy on the terms prescribed. The defendant, in writing, authorized the plaintiff to offer the property for sale at $120,000, and agreed to pay him 1 per cent. commission for the sale of the same. According to plaintiff's version, it was also orally agreed between him and the defendant that of the $120,000 the sum of $3,000 should be paid on the signing of the contract and the balance in cash in four months when the deed was to be delivered. That was sufficient. The plaintiff adduced sufficient evidence to justify the jury in finding that he accomplished all he was employed to do, and that the sale was not consummated for the sole reason that the plaintiff would not consent to a new and different arrangement as to the payment of the commission earned by him. That the purchaser, though within call to sign the contract, was not personally introduced, was sufficiently explained. The $3,000 required to be paid on the execution of the contract and $500 additional were tendered. Notwithstanding the numerous attacks made upon the verdict, I can, after a careful examination of all the facts and circumstances of this exceptional case, find no sufficient reason for disturbing it. The exceptions taken by the defendant are without merit.

The judgment and order should be affirmed, with costs. All concur.