### IMPERATO v. WASBOE.

(Supreme Court, Appellate Term.  April 24, 1905.)

BROKERS—COMMISSIONS—SALE OF LAND—WRITTEN AGREEMENT.

> In an action by a real estate broker for commissions, a letter signed by the defendant, and addressed to plaintiff as a "real estate broker," and reciting that: "It will be impossible for me to keep my appointment. * * * There will be no need of my meeting you if you haven't a party who desires to purchase my house No. 416 East 124th Street at $15,000, as I am not very anxious to dispose of my property, and I do not intend to sell for any less"—was sufficient authority, under Pen. Code, § 640d, as amended by Laws 1901, p. 312, c. 128, declaring it a misdemeanor for any person to offer real property for sale without the written authority of the owner.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Pasquale Imperato against Olaf Wasboe.  From a judgment for defendant, plaintiff appeals.  Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Charles G. F. Wahle, for appellant.
John O'Connell, for respondent.

LEVENTRITT, J.  This was an action brought to recover a brokerage.  The complaint was dismissed at the close of the plaintiff's case on the ground that no written authority from the defendant was shown.  Pen. Code, § 640d.  Under Whiteley v. Terry, 83 App. Div. 197, 82 N. Y. Supp. 89, we are, in this department, compelled to assume the constitutionality of chapter 128, p. 312,

of the Laws of 1901, which amended the Penal Code by the subdivision cited. A contrary rule prevails in the Second Department (Grossman v. Caminez, 79 App. Div. 15, 79 N. Y. Supp. 900). Section 640d of the Penal Code reads:

"In cities of the first class and second class, any person who shall offer for sale any real property without the written authority of the owner of such property, or of his attorney in fact, appointed in writing, or of a person who has made a written contract for the purchase of such property with the owner thereof, shall be guilty of a misdemeanor."

This highly penal statute is to be strictly construed (Gay v. Seibold, 97 N. Y. 472, 49 Am. Rep. 533), without the insertion of any terms which are not essential to its reasonable interpretation. The origin of the section is to be sought in the desire to protect that part of the commercial community engaged in real estate transactions, and its provisions are aimed at irresponsible brokers who would constitute themselves agents by their own fiat, and then, whether successful or not, seek to fasten a liability on the owners of property for commissions on abortive sales. A writing signed by the owner, and addressed to the broker, expressly or impliedly acknowledging authority to act as agent for the purposes of the sale, is to my mind a sufficient compliance with the statute. It is to be noted that there is no specific requirement in the statute, beyond the fact that the authority to act shall be evidenced by a writing. Cody v. Dempsey, 86 App. Div. 335, 339, 340, 83 N. Y. Supp. 899.

In this suit the plaintiff relied on the following letter:

"Mr. P. Imperato, Real Estate Broker—Dear Sir: It will be impossible for me to keep my appointment for Tuesday, September 26th, inst., at 7 p. m. owing to business which will keep me from doing so. There will be no need of my meeting you if you haven't a party who desires to purchase my house No. 416 East 124th Street at $15,000, as I am not very anxious to dispose of my property, and I do not intend to sell for any less.
                "Very truly yours,                    O. Wasboe,
                                                     "924 Third Ave.
                                                     "New York City."

I think this shows a compliance both with the purpose and the demand of the statute. The plaintiff is addressed in his capacity as real estate broker. The letter describes the property, states a minimum price, and is signed by the defendant. All the elements of a properly written authorization are embodied in the letter. Although negative in form, it is not to be read as evidencing no authority. The reasonable construction of the writing is that the plaintiff should not have authority to sell for less than $15,000, which necessarily involves an authorization to sell at that price.

In a recent case in this court it was held that a memorandum reading merely, "Property 76 Mangin Street; $9,000.00, no less—Felice Boccuzzi," signed, not by the owner, but by his son at his direction, was insufficient. Cohen v. Boccuzzi, 42 Misc. Rep. 544, 86 N. Y. Supp. 187. In that case the authorization was not directed to anybody. Its terms were indefinite. It was not signed by the owner or his attorney in fact. The amount of money mentioned might have referred to something other than price demanded, and there was no recognition of authority in anybody. The pres-

ent writing clearly shows, over the signature of the owner, an intention to give a broker, designated as such, the right to sell at a named figure. The letter was the authority required by statute. The judgment should be reversed.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.