### TURNER v. LANE.

(Supreme Court, Appellate Term. May 23, 1905.)

1. BROKERS—SALES OF REAL ESTATE—ACTION FOR COMMISSION—AUTHORITY TO ACT—STATUTORY PROVISIONS—SUFFICIENCY OF WRITTEN AUTHORITY.

Under Pen. Code, § 640d, providing, "In cities of the first and second class any person who shall offer for sale any real property without the written authority of the owner of such property * * * shall be guilty of a misdemeanor," a written agreement between the owner of property and a broker, by which the latter agreed to take payment, in a given manner, of commission for selling certain real property to a named vendee, was, if signed before execution of the deed by the owner, a sufficient compliance with the section.

2. SAME—BURDEN OF PROOF.

In an action by a broker to recover commissions for selling land, plaintiff had the burden of showing that at the time he made the sale he had the written authority required by Pen. Code, § 640d.

3. SAME—CONDITIONS PRECEDENT—PLEADING—PRACTICE.

Where, in an action by a broker for commissions for selling land, plaintiff relied on a written agreement by which payment of commissions was to be made "one-half when second payment of building loan is due

and payable, and balance immediately after inclosure payment is due and made," these two events were conditions precedent to plaintiff's recovery, and should have been pleaded and proved on the trial.

4. SAME—EVIDENCE—ADMISSIBILITY.

Evidence that an act of defendant's prevented the happening of the contingencies was inadmissible, the excuse not being pleaded by plaintiff.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Ernest A. Turner against William Lane. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Bowers & Sands (Manfred W. Ehrich, of counsel), for appellant.

Ferguson & Ferguson (L. C. Ferguson, of counsel), for respondent.

TRUAX, J. The only agreement in writing between the plaintiff and the defendant is the one dated August 4, 1904, by which the plaintiff agreed to take payment of commission for selling the southwest corner of 100th street and Madison avenue for $60,000, for William Lane, to John E. Olson, as follows: "One-half when second payment of building loan is due and payable, and balance immediately after inclosure payment is due and made." This agreement appears to have been signed the day the defendant delivered to the purchaser a deed of said property. The case does not show that the plaintiff, the broker, had the written authority of the owner of the property to make a sale, and want of such authority was alleged in the answer. It does not appear whether the paper of August 4th was or was not signed before the deed conveying the property to said Olson was signed. It if were signed before such deed, we are of the opinion that it would be a sufficient compliance with section 640d of the Penal Code. But the burden was on the plaintiff of establishing that at the time he made the sale, he had the written authority required by the statute and decisions to make the sale, and, not having established that fact, it is well settled, at least in this department, that he cannot recover. Borgio v. Gange (Sup.) 87 N. Y. Supp. 538; Cohen v. Boccuzzi (Sup.) 86 N. Y. Supp. 187; Whiteley v. Terry, 83 App. Div. 197, 82 N. Y. Supp. 89.

But, irrespective of the point above stated, there is another reason for reversing the judgment. If the paper of August 4th be treated as a compliance with the statute, then plaintiff was to be paid one half of the amount due when the second payment of the building loan was due and payable, and was to be paid the other half immediately after the inclosure payment was due and paid. The evidence shows that neither one of these events has happened, and that the reason they did not happen was because of the failure of the purchaser to comply with the terms of the building loan agreement. There is no allegation on the part of the plaintiff that the contingency or contingencies contemplated by the agreement of August 4th had ever happened, nor was any excuse for there not having happened pleaded.

The plaintiff also alleges on this argument that an act of the defendant prevented the happening of the contingency mentioned. in the agreement of August 4th; but such excuse is not pleaded, and it is well settled that, not having been pleaded, it could not be proved on the trial. Elting v. Dayton, 63 Hun, 629, 17 N. Y. Supp. 849. Moreover, plaintiff was not entitled to anything until the second payment of the building loan was due and payable, and was not entitled to the full commissions until the inclosure payment was due and paid. In other words, these two events were conditions precedent to plaintiff's right to recover commissions from the defendant, and should have been pleaded and proved on the trial. Tooker v. Arnoux, 76 N. Y. 397.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.