CHARLES ALT and ALEXANDER DRESCHER, Respondents, v. CLAUS DOSCHER, Appellant.

*Real estate broker — he earns his commissions when an enforcible contract is made for the purchase of the real property — when he must prove that the proposed purchaser is responsible.*

A broker who, under a general contract of employment for the sale of real property, obtains a purchaser satisfactory to his principal, with whom the principal makes an enforcible contract of purchase and sale, without being induced so to do by any representation of the broker as to the ability of the proposed purchaser to perform his contract, and without any bad faith on the part of the broker, can recover his commissions, although, without any fault on the part of the principal, the vendee fails to perform his contract solely because of the lack of sufficient financial responsibility at the time of the making of the contract.

*Semble,* that the rule that the broker, in order to recover, must show that he produced a customer not only willing, but able to purchase, only applies where no enforcible contract for the sale of the real estate has been made.

Such proof is required not because the broker contracts to guarantee the proposed purchaser's responsibility, but because he must prove that the failure to make a contract was the fault of his principal.

APPEAL by the defendant, Claus Doscher, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, entered on the 2d day of December, 1904.

*Henry F. Cochrane,* for the appellant.

*George C. Buechner,* for the respondents.

MILLER, J. :

The plaintiffs bring this action to recover commissions claimed to have been earned by them as real estate brokers in negotiating a contract of purchase and sale of certain real estate between the defendant and one Lipsky. It is undisputed that through the instrumentality of the plaintiffs a valid and enforcible contract was entered into between the defendant and said Lipsky, for the purchase of said real estate by said Lipsky for the sum of $21,450, and that the sum of $715 was paid on the contract by the vendee; that after obtaining one extension of time in which to complete the purchase, the vendee failed to perform the contract by reason of his inability to complete the payments called for.

The terms of the contract of plaintiffs' employment by the defendant were disputed on the trial, the plaintiffs claiming that they were to receive two per cent commissions, nothing being said at the time of the employment as to the time of payment, the defendant claiming that one per cent was to be paid at the time of the making of the contract, and one per cent at the time of closing title. The judgment rendered resolves this question in favor of the plaintiffs, and while the plaintiffs admitted that the defendant did state at one time or another that he would pay one per cent at the time of making the contract and one per cent at the time of closing title, yet their evidence was to the effect that these statements were made subsequent to the time of making the contract of employment, and that the statements were not assented to by the plaintiffs. It also appeared that upon another sale, effected by the plaintiffs for the defendant, under the same contract of employment, the whole commissions were paid at the time of making the contract of purchase and sale. The defendant also claimed that the plaintiffs represented to him before the contract of sale was made that the vendee was able to perform. Assuming that the pleadings sufficiently raised this issue, the proof did not disclose that the defendant was induced to enter into the contract by reason of any representations on the part of the plaintiffs as to the financial responsibility of the intend-

ing purchaser, and it was claimed by the plaintiffs that the only statement made by them was that the proposed vendee had money, or was a man of means, and the vendee, called as a witness by the defendant himself, testified that he did have at the time $3,500 in money, and diamonds worth $600 or $700. The question as to the good faith of the plaintiffs, and as to their making any representations to induce the making of the contract, relied upon by the defendant, is also determined in favor of the plaintiffs' contention by the judgment appealed from. Whatever opinion an appellate court might form from this record as to the facts, it cannot be said that these findings are unsupported by evidence.

The undisputed evidence does, however, establish the fact that the proposed vendee at the time of the making of the contract did not have sufficient means to pay the sum which he engaged to pay. The question is, therefore, presented whether a broker, under a general contract of employment for the sale of real property, who obtains a purchaser satisfactory to his principal, with whom the principal makes an enforcible contract of purchase and sale, without being induced so to do by any representation of the broker as to the ability of the proposed purchaser to perform his contract, and without any bad faith on the part of the broker, can recover his commissions, where, without any fault on the part of the principal, the vendee fails to perform his contract solely because of the lack of sufficient financial responsibility at the time of the making of the contract. Some confusion seems to have attended the consideration of this question, resulting from lack of uniformity of expressions employed by the courts, rather than in the points actually decided in adjudicated cases. While support may be found for the contention of the defendant in some decisions in other jurisdictions I think that, when considered from the standpoint of the question actually decided, the question may be regarded as clearly settled by the decisions of this State in support of the broker's right to recover in such case, notwithstanding many expressions may be found indicating a contrary view.

It has been stated that in order to recover, the broker must show that he produced a customer "not only willing but able to purchase," but it will be found that such language has been employed in cases where no enforcible contract was made (*Woolley* v. *Lowen-*

*stein,* 83 Hun, 155 ; *Duclos* v. *Cunningham,* 102 N. Y. 678), or where the broker, as a part of his employment, assumes to execute for his principal an executory contract of sale or exchange, or where the contract is provisional only. (*McGavock* v. *Woodlief,* 20 How. [U. S.] 221; *Inge* v. *McCreery,* 60 App. Div. 557.)

If we consider the question from the standpoint of what the broker engages to do, all difficulty is removed. Adopting the definition of Story on Agency (9th ed. § 28), quoted with approval by Judge FINCH in *Sibbald* v. *Bethlehem Iron Company* (83 N. Y. 378, 381), "a broker * * * is an agent employed to make bargains." Where, therefore, there are no express stipulations in the contract of employment varying the general rule, his contract is performed when, with him as the procuring cause, a bargain has been made; in other words, when a purchaser has been produced, satisfactory to his principal, and there has been a meeting of the minds of the parties to the contract of purchase and sale, so that an enforcible, binding contract is made. To the effect that the commissions are then due see *Mooney* v. *Elder* (56 N. Y. 238) and *Gilder* v. *Davis* (137 id. 504), although, in the latter case, the question was not necessarily involved, and Judge EARL uses the language that "when a broker employed to negotiate a sale of real estate brings to his employer a *responsible* purchaser, willing to buy upon the terms prescribed, he has earned his commissions," which is undoubtedly the rule where no enforcible contract is made, and the broker seeks to recover, notwithstanding a capricious refusal of his principal to make a contract. The reason for requiring proof of the responsibility of the intending purchaser in such a case, as a condition of recovery, is plain, and rests, not upon the proposition that the broker undertakes to guarantee the responsibility of the purchaser, but because his contract is to effect a bargain, and if he produces a responsible purchaser, ready to contract, his principal cannot defeat his right to commissions by capriciously refusing to make the contract. Such proof is required, not because he contracts to guarantee responsibility, but because he must prove, before he can recover, that the failure to make a contract was the fault of his principal and not his own.

The case of *Brady* v. *Foster* (72 App. Div. 416), decided by this court, is not an authority for the appellant's contention. In that

case the proof tending to show insolvency of the purchaser related to a time subsequent to the making of the contract of purchase and sale.

The cases of *Condict* v. *Cowdrey* (139 N. Y. 273) and *Gerding* v. *Haskin* (141 id. 514), relied upon by the appellant, simply establish the proposition that the broker, in order to recover, must prove performance on his part, and that proof of a provisional agreement only, not followed by a binding and enforcible contract, is not sufficient to establish such performance.

The distinction between an engagement to consummate a sale, and one simply to bring about a meeting of the minds of the parties upon an agreement of sale, is clearly pointed out by Mr. Justice HATCH in *Folinsbee* v. *Sawyer* (8 Misc. Rep. 370; 28 N. Y. Supp. 698), and the distinction between the obligation of a broker merely to effect a bargain, and one who also engages as attorney to convey the property, is clearly stated in *Glentworth* v. *Luther* (21 Barb. 145).

In the case of *Knapp* v. *Wallace* (41 N. Y. 477) it was held that a broker employed to purchase real estate earns his commission when he has in good faith brought to his employer a vendor who makes a written contract with him for the sale of the property, notwithstanding the vendor could not perform his contract by reason of a defect in his title. This case is cited with approval in *Kalley* v. *Baker* (132 N. Y. 1), in which it was in effect held that a broker employed to effect an exchange of real estate in the absence of an express agreement to the contrary could recover his commissions where a contract for exchange had been entered into between his customer and the person with whom the exchange was to be effected, notwithstanding such person could not convey the title bargained for.

It was held by this court in the case of *Travis* v. *Graham* (23 App. Div. 214) that "one who employs a real estate broker to negotiate a sale of land cannot avail himself of the objection that the customer procured by the broker is not able to pay for the premises, after he has accepted such purchaser as satisfactory and has conveyed the property to him." If, in place of the words in the paragraph quoted, "has conveyed the property to him," should be substituted, "has entered into an enforcible contract of purchase

and sale with him," an equally correct proposition would be stated, based upon the same principle and authority.

The judgment appealed from should be affirmed, with costs.

BARTLETT, JENKS and RICH, JJ., concurred; HOOKER, J., not voting.

Judgment of the Municipal Court affirmed, with costs.