LOVEJOY v. WEIL.

(Supreme Court, Appellate Term. October 27, 1905.)

BROKERS—LEASES—WRITTEN AUTHORITY.

Laws 1901, p. 312, c. 128, making it a misdemeanor for any person in cities of the first and second class to offer for sale any real property without written authority of the owner of the property, or of his attorney in fact appointed in writing, or of a person who has made a written contract for the purchase of the property with the owner thereof, etc., has no application to leases for a term exceeding three years.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Irving P. Lovejoy against Charles Weil. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

J. Charles Weschler, for appellant.
Thomas W. McKnight, for respondent.

SCOTT, P. J.   The statute (chapter 128, p. 312, Laws 1901) which the defendant invokes as a defense in this case is a highly penal one and must be strictly construed.   Gay v. Seibold, 97 N. Y. 472, 49 Am. Rep. 533.   And, as said in Imperato v. Wasboe (Sup.) 93 N. Y. Supp. 489, "without the insertion of any terms which are not essential to its reasonable interpretation."   It is unreasonable to suppose that the Legislature intended the act to apply to leases of real property.   It is true that section 240 of the real property law (Laws 1896, p. 607, c. 547) contains a definition of what is included in the term "real property" which would embrace a lease similar to the one procured by the plaintiff; but such definition is limited to the term "real property as used in this article," and the article referred to (article 8) has reference to the recording of instruments affecting real property only, and the statute referred to (chapter 128, supra) cannot, by reason of anything contained in that section, be construed as having reference to leases of property for a term exceeding three years.

Judgment affirmed, with costs.   All concur.