(49 Misc. Rep. 106)

### COX et al. v. HAWKE.

(Supreme Court, Appellate Term. December 28, 1905.)

BROKERS—AUTHORITY—SALE OF LAND—PARTNERSHIP.

    A written authority to one member of a firm of brokers by one who knew of the existence of the partnership was sufficient to authorize a sale of real property by the firm, under Laws 1901, p. 312, c. 128 (Pen. Code, § 640d), making it a misdemeanor for any person to offer for sale any real property in cities of the first and second class without written authority. ·

    MacLean, J., dissenting.

Appeal from City Court of New York.

Action by Arthur S. Cox and another against Madison G. Hawke. From a judgment dismissing the complaint, plaintiffs appeal. Reversed.

See 93 N. Y. Supp. 1117.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Wentworth, Lowenstein & Stern (Edwin F. Stern and Albert J. Elrod, of counsel), for appellants.

George M. Heumann (Max D. Steuer, of counsel), for respondent.

SCOTT, P. J. Upon a former appeal from a judgment dismissing the complaint (93 N. Y. Supp. 1117) it was held that there was sufficient evidence to raise an issue for submission to the jury whether the plaintiffs had or had not complied with the terms of their employment and entitled themselves to the commission for which they sue. Upon the same evidence the complaint has been again dismissed; the motion for such disposition of the case being based upon the proposition that the plaintiffs had failed to show compliance with chapter 128, p. 312, Laws of 1901. Section 640d, Pen. Code. That act provides that:

"In cities of the first and second class any person who shall offer for sale any real property, without the written authority of the owner of such property, or of his attorney in fact appointed in writing * * * shall be guilty of a misdemeanor."

The constitutionality of this act has been much discussed. In two cases the Appellate Division in the Second Department has declared the act to be unconstitutional, and has refused to permit it to be used to defeat a claim for brokerage. Grossman v. Caminez, 79 App. Div. 15, 79 N. Y. Supp. 900; Cody v. Dempsey, 86 App. Div. 335, 83 N. Y. Supp. 899. In this department the Appellate Division has expressed a contrary view in a case in which, as the opinion states, the result which was arrived at would have been the same irrespective of any question of the constitutionality of the act. This court has hitherto followed the views expressed by the Appellate Division in this department, and has refused to enforce contracts for brokers' commissions where no written authority to offer property for sale had been obtained, following the well-established rule that the court will not enforce an obligation resting upon the performance of an illegal act. In the present case the plaintiffs are copartners, and they offered to show that defendant, knowing the fact of their copartnership, gave written authority to one of the

copartners to offer the property for sale. This evidence was excluded.

The first question which presents itself is as to the availability of the defense under the pleadings. The complaint set forth the copartnership of the plaintiffs: that defendant had duly employed them as brokers to sell his property; that they had procured a purchaser ready, willing, and able to purchase on terms desired by defendant; that defendant declined or was unable to make a contract on such terms. The answer is a general denial. In our opinion the defense that the plaintiffs' act was illegal was not available in this state of the pleadings. A general denial in an answer in an action on contract puts in issue only such matters as plaintiff is bound to prove to establish his cause of action. If the illegality appears upon the face of the complaint, or necessarily appears from the evidence which the plaintiff is obliged to introduce in order to sustain his complaint, the defendant may take advantage of the illegality without having expressly pleaded it; but, if it does not so appear, it cannot be availed of by defendant unless it has been specially pleaded. Milbank v. Jones, 127 N. Y. 370, 28 N. E. 31, 24 Am. St. Rep. 454; Parmlee Co. v. Haas, 171 N. Y. 579, 64 N. E. 440; Honegger v. Wettstein, 94 N. Y. 252; Goodwin v. Mass. Life Ins. Co., 73 N. Y. 480; Drake v. Siebold, 81 Hun, 178, 30 N. Y. Supp. 697.

In the present case it was not necessary to the plaintiffs' cause of action to prove a written authorization from the defendant. There is no statute which says that a landowner may not make a verbal contract with a broker to sell his land, nor is there any statute which says that an owner may not accept a purchaser produced by a broker, although the latter had no written authority to deal. In our opinion, therefore, the defense, not having been pleaded, was not available to defendant. But, even if it had been pleaded, it would still have been unavailing. The written authority given to Bueb was sufficient to take the case out of the operation of the statute, and permit the copartnership of which he is a member to sue for the commission. Such has long been the law both in this country and in England (Harland v. Lilienthal, 53 N. Y. 438; Arden v. Tucker, 4 Barn. & Adol. 815; Turner v. Reynall, 14 C. B. N. S. 328), and it has recently been applied by the Court of Appeals. Schnair v. Navarre Hotel & Imp. Co., 182 N. Y. 83, 74 N. E. 561. The statute invoked by defendant is highly penal, and was enacted to protect property owners from the annoyance and possible injury resulting from having their property hawked about the market without the consent, and, perhaps, their knowledge. An authorization to one member of a firm, especially if he is known to be such, is quite sufficient to justify him in offering the property, acting as a member of the firm, and is therefore quite sufficient to support an action by the firm for their commission. It was equivalent to an authorization to the firm. Barney v. Worthington, 37 N. Y. 112. The paper signed by plaintiff Bueb agreeing to wait for the commission until after the contract was closed and the purchase money paid, and then to pay a part of the commission to the purchaser's lawyer, was improperly admitted. It was not pleaded, and, even if it had been, would seem to have been without consideration, as the plaintiffs, if they ever earned the commission, had already done so and were entitled to be paid, when the paper was signed.

The judgment must be reversed, and a new trial granted, with costs to appellants to abide the event.

GILDERSLEEVE, J. (concurring). I concur in the result reached by Presiding Justice SCOTT. I think the writing given to Bueb was sufficient authority to meet the requirements of the statute. The partnership of the plain'iffs, and the character of their business, was well known to the defend.int. Under the circumstances authorization to one member of the firm conf^rred authority upon the firm to offer the property and earn a commission.

The judgment should be reversed, and a new trial granted, with costs to appellants to abide the event.

MacLEAN, J. (dissenting). It was essential to the plaintiffs' case to prove, as pleaded in paragraph "second" and "third" of their complaint and put in issue by the defendant's answer, that the defendant duly employed the plaintiffs as his agents and brokers to procure a purchaser for the real property described, and that pursuant to such employment the plaintiffs procured a person ready, willing, and able to purchase said premises; and such employment they could only prove upon showing their written authority of the defendant. Turner v. Lane (Sup.) 93 N. Y. Supp. 1083. The "Memorandum for John J. Bueb, care of S. Cox & Co.," beginning "My Dear Mr. Bueb," offered in their behalf, was not competent proof of authority in the firm. The cases cited as impliedly holding otherwise upon employments or retainers of partnerships including a member or members who had, and another or others who had not, a required statutory qualification, and wherein recovery was allowed for services performed by the qualified partner, somewhat upon the principal of the whole including the parts, but only the converse of that principal, did it obtain, would extend the specific authorization of an individual into authority to a partnership to act and to bring action. If the defendant knew that Bueb was a member of the partnership, and, having that knowledge, nevertheless confined his authorization to represent him to Bueb, that all the less would indicate that he intended to authorize Cox to transact his business.