## HOUGH v. BALDWIN.

(Supreme Court, Appellate Term. June 1, 1906.)

1. BROKERS—EMPLOYMENT—WRITTEN AUTHORITY—PENAL STATUTE.

Where, in an action by a broker for commissions on the sale of real estate, defendant's answer admitted the employment of plaintiff as a broker, and it appeared that the contract of exchange of properties negotiated by plaintiff was signed through his efforts, these facts took the case out of the purview of the Penal Code (Laws 1901, p. 312, c. 128, § 640d) making it a misdemeanor for one to offer real estate for sale without written authority.

[Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Brokers, § 44.]

2. SAME—COMPENSATION OF BROKER.

In an action by a broker to recover commissions on an exchange of property effected by him, whether a written agreement by plaintiff to wait for his commissions until title closed, was signed before or after the signing of the contract of exchange, was immaterial, where all the terms of the written contract of exchange were fully agreed on on the preceding day, the subsequent agreement to wait for the accrued commission being unsupported by a consideration.

3. SAME.

The fact that defendant on the day following the oral agreement refused to sign a written agreement of exchange unless plaintiff would agree to wait for his commissions, did not alter the situation.

4. VENDOR AND PURCHASER—DEFECTS IN TITLE—OBJECTIONS—NECESSITY FOR SPECIAL AGREEMENT.

Under a contract for the sale of real estate, bay window or stoop ledge encroachments are not, in the absence of a special agreement, good ground for rejecting the vendor's title.

5. BROKERS—SALE OF REAL ESTATE—COMMISSIONS—PROVISIONAL SALE.

Where defendant entered into a contract for the exchange of real estate, providing that if the other party to the agreement rejected title on the ground of bay window or stoop ledge encroachments, the deposit paid by such party should be returned in full for all claims, of which provision plaintiff, a broker employed by defendant, knew plaintiff was not entitled to a commission on the rejection of defendant's title because of such encroachments.

6. SAME—EVIDENCE.

In an action by a real estate broker for commissions for effecting an exchange of defendant's property, evidence that at or about the time of the signing of a contract of exchange which stipulated that if the other party thereto rejected defendant's title on the ground of bay window or stoop ledge encroachments, his deposit should be returned in full of all claims, plaintiff signed a writing wherein he agreed to wait for his commissions until after the title closed, was evidence tending to show that plaintiff, as well as defendant, regarded the contract of exchange as a mere option, and not an absolute enforceable contract of exchange.

Appeal from City Court of New York, Trial Term.

Action by Joseph C. Hough against Clarence D. Baldwin. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Steuer & Hoffman, for appellant.
Bushby & Bushby, for respondent.

DAVIS, J. The plaintiff recovered a judgment against the defendant for broker's commissions in effecting an exchange of the defendant's premises. The judgment was entered upon a verdict directed by the court. It was admitted upon the trial that the plaintiff brought the parties together and was the procuring cause of the contract. It was also admitted that 1 per cent. was the proper commission. It is also established by the evidence that as a result of the plaintiff's efforts the parties or their representatives fully agreed upon the terms of the contract the day before the contract was signed and that the contract was thereafter signed on October 5, 1905. The contract in question contained a provision that if the vendee should reject the title of the vendor because of "bay window or stoop ledge encroachment," the deposit should be returned and received in full for all claims. The title was rejected on the ground referred to above, and the written contract was mutually canceled in writing, and the deposit was returned on October 21, 1905. The defendant sought to defeat plaintiff's recovery on the ground that he had no written authority to offer the property for exchange, and on the further ground that plaintiff had agreed in writing that no commissions should be paid him until and unless defendant's title was accepted, and as the title was rejected, the right to commissions had not accrued.

The first ground urged by the appellant is not tenable. His answer admits the employment of the plaintiff as broker and the contract of exchange was actually signed through his efforts. These facts alone we think would take the case out of the purview of the penal statute (Laws 1901, p. 312, c. 128, § 640d). Cody v. Dempsey, 86 App. Div. 335, 83 N. Y. Supp. 899. Furthermore, the evidence clearly shows written authority to act as broker. Imperato v. Wasboe (Sup.) 93 N. Y. Supp. 489, and Getzelsohn v. Donnelly (Sup. App. Term, 1st Dept. March Term, 1906) 98 N. Y. Supp. 213.

In support of his second ground appellant relies upon a writing signed by the respondent on the same day as that on which the contract of exchange was signed and by the terms of which the respondent agreed to wait for his commissions until title closed. The respondent testified that this paper was signed after the contract of exchange was signed, while two of the witnesses for the appellant say that it was signed before the signing of that contract. All agree that both papers were signed on the same day. Whether it was signed before or after the signing of the contract of exchange is immaterial in view of the appellant's admission that all the terms of the written contract of exchange were fully agreed upon on the preceding day. This being so, if the respondent was entitled to any commissions his right to them accrued on the day preceding the signing of the contract, and his subsequent agreement to wait for them

until title passed was unsupported by any consideration, even though it may be true that the appellant on the day following the oral agreement refused to sign a written agreement of exchange unless the respondent would agree to wait for his commissions. Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 38 Am. Rep. 441; Alt v. Doscher, 102 App. Div. 344, 347, 92 N. Y. Supp. 439; Suydam v. Healy, 93 App. Div. 397, 87 N. Y. Supp. 669; Marks v. Elliot (Sup.) 90 N. Y. Supp. 331; Cox v. Hawke (Sup. November Appellate Term, 1905) 96 N. Y. Supp. 433; Moskowitz v. Hornberger, 20 Misc. Rep. 558, 46 N. Y. Supp. 462; Halprin v. Schachne, 27 Misc. Rep. 195, 198, 57 N. Y. Supp. 735. But we think that the plaintiff earned no commissions under the circumstances here appearing in evidence. It will be observed that in the absence of a special agreement the encroachments referred to would not be a good ground for rejecting Baldwin's title. Broadbelt v. Loew, 15 App. Div. 343, 44 N. Y. Supp. 159, affirmed 162 N. Y. 642, 57 N. E. 1105; Levy v. Hill, 70 App. Div. 95, 75 N. Y. Supp. 19; Empire Realty Corpn. v. Sayre, 107 App. Div. 415, 95 N. Y. Supp. 371. The evidence shows that before reaching an agreement as to the terms to be embodied in the written contract the parties contemplated the possibility of the existence of bay window and stoop ledge encroachment.

With this in view they inserted in the written contract the following provision:

"It is understood between the parties hereto that if the party of the second part rejects title on the ground of bay window or stoop ledge encroachments, then the deposit paid herein shall be returned in full for all claims."

By this provision the exchange was made to depend upon the option of one party to the contract to take or not to take title in case these encroachments existed. The contract was thus not a binding enforceable contract to exchange property. It is a reasonable inference from the evidence that both parties to the contract knew of the existence of these encroachments before signing the contract. Baldwin did not wish to incur any responsibility in case the title was rejected on this account. So they agreed that the contract should be canceled and the deposit money returned at the option of Helborn in case he should refuse to make the exchange because of the encroachments. The plaintiff himself knew of this provision of the contract and must have appreciated the possibility of the exchange not going through and the natural disinclination of Baldwin to pay commissions unless the exchange was effected. At or about the time of the signing of the contract of exchange, he signed a writing in which he agreed to wait for his commissions until after the title closed. This document while perhaps not enforceable as an agreement for lack of consideration, is strong evidence to show that the plaintiff as well as the defendant regarded the contract of exchange as a mere option and not an absolute enforceable contract of exchange. Having obtained a customer who was willing merely to make a conditional contract of exchange and not an absolute contract, I think the plaintiff did not earn any commissions. Emens v. St. John, 79 Hun, 99, 29 N. Y. Supp. 655.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.