### STRUNSKI v. GEIGER et al.

(Supreme Court, Appellate Term. December 11, 1906.)

BROKERS—ACTIONS FOR COMPENSATION—DEFENSE—AVAILABILITY.
    Where, in an action for commission earned by a broker under an oral contract of employment to procure a purchaser of real estate, no illegality in the contract appeared on the face of the complaint or in the evidence to sustain the action, the defense that under Pen. Code, § 640d, a written authorization to procure a purchaser of real estate is necessary, must, to be available, be specially pleaded.

Appeal from City Court of New York, Special Term.

Action by Maurice I. Strunski against Charles Geiger and another. From a judgment dismissing the complaint, and from an order denying a motion for a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

H. & J. J. Lesser, for appellant.
Stanislaus N. Tuckman, for respondents.

FITZGERALD, J. The complaint alleges that at their special instance and request plaintiff performed work, labor, and services for the defendants of the reasonable value of $560. The answer is a general denial. The work, labor, and services shown upon the trial consisted of the procuring of a purchaser ready, able, and willing to buy the defendants' real estate on terms desired by and satisfactory to them. At the close of plaintiff's case the learned court below dismissed the complaint, upon the ground that the written authorization required to be procured by section 640d of the Penal Code by persons offering real property for sale in cities of the first or second class had not been shown.

This ruling cannot be upheld. It would undoubtedly have availed, if it had been pleaded, or if proof that it had been procured was essential to the establishment of plaintiff's cause of action. Cox v. Hawke, 96 N. Y. Supp. 433, decided by this court, is directly in point. The action at bar is upon a parol contract. No illegality appears upon the face of the complaint, nor does any necessarily appear from the evidence which plaintiff is obliged to introduce in order to sustain his complaint. It may not, therefore, be taken advantage of under a general denial. The illegality of the contract, if pleaded, would have

raised an issuable fact; but upon the record the dismissal of the complaint was against the authorities.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.