JANPOL v. GOLD.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

BROKERS—RIGHT TO COMPENSATION—CONDITIONS PRECEDENT.

     A provision in a brokerage agreement providing for additional payment to the broker when the purchaser shall reach a designated stage in the process of the construction of houses on the land purchased is a condition precedent, and the broker, to recover the additional payment, must show performance thereof, or that the owner was responsible for the failure of the purchaser to proceed.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 70.]

Appeal from Municipal Court of New York.

Action by Emanuel Janpol against Louis Gold. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Edward Snyder, for appellant.

RICH, J. This action was brought to recover $150, balance claimed to be due under a clause in a brokerage agreement providing that:

"One hundred and fifty ($150) dollars additional, when said Schlosberg shall reach the first tier of beams in process of construction of houses upon said eight lots."

Plaintiff sold the lots to Schlosberg, who agreed to erect houses thereon, and was paid $50 for his commission, and defendant promised to pay the further sum of $150 as above provided. The purchaser was unable to pay for the lots and proceed with the construction of the buildings, and "the first tier of beams" was never reached. It was a condition precedent to plaintiff's right to recover that the first tier of beams should be reached in process of construction (Turner v. Lane, 47 Misc. Rep. 387, 93 N. Y. Supp. 1083; Tooker v. Arnoux, 76 N. Y. 397); and, unless it be made to appear that the defendant was in some way responsible for the failure of Schlosberg to proceed, plaintiff cannot recover. We are unable to find any satisfactory evidence from which this inference can be drawn.

The judgment must be reversed, and a new trial ordered; costs to · abide the event. All concur, except HIRSCHBERG, P. J., not voting.