NATHAN BENDER, Respondent, *v.* BENENSON REALTY COMPANY, Appellant.

First Department, April 3, 1925.

Brokers — real estate brokers — action for commissions on exchange of real property — defense that plaintiff agreed in advance of exchange to accept $500, in full, in order to induce transfer and signed receipt in full when payment was made — evidence shows that agreement was made and money accepted in full payment.

In an action by a real estate broker to recover commissions alleged to be due on an exchange of real property, the defense that the broker agreed to accept $500 as his commission on the transfer instead of the regular commission, which would amount to much more, was established by a letter written by the broker to his client in which he stated that in order to induce the exchange of the

property he would accept $500 in full payment of his commission, by a receipt in full upon the payment of the $500, and by evidence that before the exchange was completed it was ascertained by the defendant that the rents of the property which it was to receive in exchange had been misstated, whereupon the defendant refused to go on with the transaction unless the plaintiff agreed to take $500 in lieu of all commissions.

FINCH, J., dissents, with opinion.

APPEAL by the defendant, Benenson Realty Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of February, 1924, upon the verdict of a jury, and also from an order entered in said clerk's office on the 1st day of April, 1924, denying defendant's motion for a new trial made upon the minutes.

*Elfers & Abberley* [*Ralph Stout* of counsel; *Lester S. Abberley* with him on the brief], for the appellant.

*Kurzman & Frank* [*Sidney Newborg* of counsel; *Walter Frank* with him on the brief], for the respondent.

MARTIN, J.:

This action was brought by plaintiff, an experienced real estate broker, to recover $3,447.50 alleged to be due from defendant as commissions for services upon the exchange of properties. The complaint alleges the contract, the performance of services thereunder, and their reasonable value in the sum of $3,947.50, for which amount, less $500, alleged to have been received on account, judgment is demanded. The answer denies the contract alleged and sets forth, as the only contract between the parties, an express agreement in writing whereby plaintiff agreed to accept in full for his services as such broker the sum of $500, it being alleged that the $500 was paid [to plaintiff in full for his services and was by him " accepted in full for his brokerage fees upon said sale."

There is no dispute that plaintiff performed services as broker in bringing about an exchange of properties, including property owned by defendant. The difference between the parties is with reference to the amount of the commission plaintiff became entitled to receive, defendant's contention being that he is limited by his special agreement to the sum of $500 in full for his services, and is concluded by his acceptance of that amount in full settlement of his claim.

Plaintiff's testimony is to the effect that after the terms were arranged and agreed upon, the representative of defendant required him to agree in writing that the commission would be $500, instead of the much larger amount alleged in the complaint; that he objected

to this, but rather than see the deal fall through, he finally agreed to take the $500 and signed a writing which reads:

" Benenson Realty Co.:                          " *June* 28 /20.

" Gentlemen.— To induce you to enter into a contract of exchange between yourselves and my client, Mr. J. Greenberg for the properties No. 251 Fort Washington Avenue and 120 West 18th Street, giving you $48,000 in cash difference in equity I agree to accept in full payment for my commission from you the sum of five hundred $500.00 same to be made [paid?] to me upon actual signing of the contract.   " NATHAN BENDER."

Plaintiff accepted $250 on account. He later accepted the other $250 and gave a receipt in full.

It appears from other testimony in the case that after the price had been virtually agreed upon, but while other essential terms were still open and being discussed, a conversation occurred between plaintiff and defendant's representative which led to his signing the writing quoted above. The testimony shows that certain rents were not as represented, and the deal was about to " fall through," to use plaintiff's language, unless he consented to accept the $500 in full for his commissions. It also appears that he was to receive commissions from the other party to the exchange; and that when plaintiff agreed to take $500 in full from defendant, it had been discovered on defendant's side that certain rents had been misstated by plaintiff and Greenberg who was to take defendant's property.

When the first $250 was paid by defendant to plaintiff, the receipt referred to " balance due $250; " and when the second $250 was paid, the receipt referred to it as " payment received in full."

It is apparent from the testimony that the terms had not been agreed upon and the parties had not been brought together when plaintiff agreed to accept $500 in full for commission from the defendant. Plaintiff insists that the whole matter had been arranged when the question as to the rentals of one of the properties arose. This is most unlikely. Naturally one about to purchase property should know the amount of the rents before agreeing on the terms of sale or exchange. The plaintiff says he accepted the $500 so that the deal would not fall through. If it had been consummated, as he now asserts, how could it fall through? Plaintiff's testimony is far from convincing. In one place he testified: " Q. So that when you said you would take $500 in full, you didn't mean it? A. No sir. Q. You were lying, is that right? A. Well, I was lying, yes."

The judgment should be reversed as against the evidence, and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING and McAVOY, JJ., concur; FINCH, J., dissents.

FINCH, J. (dissenting):

The action is brought to recover a balance claimed to be due as commission earned in effecting the exchange of certain real property owned by the defendant. The exchange was duly accomplished through the plaintiff's efforts, and the issue in the case is one of fact, namely, whether the plaintiff agreed to accept $500 in full payment for his services in order to induce the defendant to accept the sum of $48,000 instead of the sum of $50,000 which they were asking in cash, or whether the facts are as claimed by the plaintiff, namely, that after the parties had agreed upon the exchange and the payment of $48,000 cash, the defendant told the plaintiff that it would not pay more than $500, which he accepted under protest and without full knowledge of his rights. In the latter event, plaintiff's commission having been earned when the parties came to an agreement (plaintiff having brought the parties together for that purpose), there would be no consideration for plaintiff's agreement to accept less than his full commission.

What actually happened as disclosed by the record is that after the defendant decided to accept $48,000 for its property instead of the $50,000, it then looked around to see whether it could not save something by cutting down the commission due the plaintiff and by threatening the plaintiff that unless he would cut down his commission, it would refuse to sign the contract and hence its agreement would be unenforcible. If these be the facts, and the finding of the jury confirms the reading of this record, then there was no consideration for the plaintiff accepting a sum less than the full commission due. The fact that the defendant had the power to make unenforcible the agreement which it had arrived at by refusing to sign the contract and thus making the plaintiff think that it had him in its power does not furnish a sufficient consideration for the agreement of the plaintiff to accept $500 instead of a full commission.

As was said by Mr. Justice MILLER in *Alt* v. *Doscher* (102 App. Div. 344, 347): " If we consider the question from the standpoint of what the broker engages to do, all difficulty is removed. Adopting the definition of Story on Agency (9th ed. § 28), quoted with approval by Judge FINCH in *Sibbald* v. *Bethlehem Iron Company*

31

(83 N. Y. 378, 381), ' a broker   \*   \*   \*   is an agent employed to make bargains.' Where, therefore, there are no express stipulations in the contract of employment varying the general rule, his contract is performed when, with him as the procuring cause, a bargain has been made; in other words, when a purchaser has been produced, satisfactory to his principal, and there has been a meeting of the minds of the parties to the contract of purchase and sale, so that an enforcible, binding contract is made. To the effect that the commissions are then due see. *Mooney* v. *Elder* (56 N. Y. 238) and *Gilder* v. *Davis* (137 id. 504), although, in the latter case, the question was not necessarily involved, and Judge EARL uses the language that ' when a broker employed to negotiate a sale of real estate brings to his employer a responsible purchaser, willing to buy upon the terms prescribed, he has earned his commissions,' which is undoubtedly the rule where no enforcible contract is made, and the broker seeks to recover, notwithstanding a capricious refusal of his principal to make a contract."

To the same effect, see the words of DAVIS, J., in *Hough* v. *Baldwin* (50 Misc. 546, 548): " This being so, if the respondent was entitled to any commissions, his right to them accrued on the day preceding the signing of the contract; and his subsequent agreement to wait for them until title passed was unsupported by any consideration, even though it may be true that the appellant, on the day following the oral agreement, refused to sign a written agreement of exchange unless the respondent would agree to wait for his commissions. (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378; *Alt* v. *Doscher*, 102 App. Div. 344, 347; *Suydam* v. *Healy*, 93 id. 397; *Marks* v. *Elliot*, 90 N. Y. Supp. 331; *Cox* v. *Hawke*, 49 Misc. Rep. 106; *Moskowitz* v. *Hornberger*, 20 id. 558; *Halprin* v. *Schachne*, 27 id. 195, 198.) "

For the same reason, since the broker had earned his commission when he had brought the parties together and the full amount of his commission was then due, there was no accord and satisfaction proven by showing that he agreed to accept a lesser sum than the full amount of his commissions.

The judgment appealed from should, therefore, be affirmed.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.