McDonald, J.
(dissenting). Upon this appeal the defendant contends (1) that plaintiff and defendant had entered into a separate brokerage agreement which provided that the plaintiff would not be entitled to his commission if title did not actually close and (2) that the relationship of principal and agent existed between the parties and that plaintiff, as broker, owed a high degree of care to defendant, as seller.
The proof at the trial clearly established that the plaintiff as broker earned and was entitled to his commission when he procured a ready, willing and able purchaser (Finnegan & Di Zerega v. Bank of New York & Fifth Ave. Bank, 277 App. Div. 562, 564, affd. 302 N. Y. 876; Weiner v. Infield, 116 Misc. 323). The execution of the contract of sale dispensed *512 with the necessity for plaintiff to prove that the purchaser was able to perform (Alt. v. Doscher, 102 App. Div. 344, affd. 186 N. Y. 566). Furthermore, plaintiff’s right to a commission was unaffected by the subsequent failure of the consummation of the sale (M. I. Bernett, Inc. v. Bossert, 283 App. Div. 952, affd. 308 N. Y. 792).
It was not established at the trial that the “ brokerage agreement ’ ’ ripened into a contract between plaintiff and the defendant. It was not signed, nor did the plaintiff’s conduct constitute an acceptance of its terms. Furthermore, the defendant failed to establish any waiver or estoppel on the part of the plaintiff.
The burden of proof to establish such separate brokerage agreement was upon the defendant which he failed to do. The defendant did not testify nor did he call any other witnesses to substantiate his claim of a separate agreement. Furthermore, the record is barren of any testimony as to why title did not pass.
The defendant elected to rest upon the plaintiff’s case and should not now be heard to complain after the event.
As to the second point raised on this appeal that the ‘1 status of principal and agent existed between the parties and that the broker owed a high degree of care to the * * * seller ”, this theory and defense was not raised either in the pleadings or at the trial and therefore ‘ ‘ may not be raised for the first time on appeal” (Vaughan v. Globe Neon Sign Co., 13 A D 2d 625). It is a fundamental rule of appellate procedure that appeals must be decided upon the contents of the record (Saraceno v. Piscopo, 16 A D 2d 735).
Hargett, J., concurs with Hart, J.; McDonald, J., dissents and votes to affirm in a separate opinion.
Judgment reversed and a new trial ordered, with $30 costs to appellant to abide the event.