ALEXANDER CABRE and HIRAM W. LOVE *v.* RUSSELL STURGES.

Where no notice of appeal is attached to the return, on an appeal from a district court, the appeal should be dismissed.

In an action to recover for the rendition of services, the defendant cannot avail himself of the defence that he acted only as agent, or for a firm of which he was a partner, unless he disclosed the fact of the partnership or agency at the time of making the contract upon which the action is brought. Having contracted for the service in his own name, he was personally liable.

APPEAL by defendant from a judgment of the Fifth District Court. This action was brought to recover $4.96 for splicing a hawser. It appeared that the defendant employed the plaintiffs to splice the hawser for the steam tow-boat Titan; that he was in the tow-boat business, in partnership with one Joseph P. Martin; but it did not appear that at the time of the employment the plaintiffs were aware of the defendant's partnership. There was contradictory evidence as to the value of the work. The court rendered judgment for the plaintiff for $4.46, from which the defendant appealed.

*Edward J. Boole*, for the appellant.

*Alex. Spaulding*, for the respondents.

INGRAHAM, FIRST JUDGE.—No notice of appeal is annexed to the return in this case, and we are therefore uninformed as to the ground of appeal. For this cause the appeal should be dismissed.

Upon the merits, as appears from the return, there is no ground for our interference.

The evidence shows that the defendant made the contract for the work. He made it in his own name, without disclosing that any other person was interested with him.

The plaintiffs were not bound to inquire whether, in his busi-

ness, the defendant had a partner or not, or whether he was the owner of the steamer or not. He might rest on the express contract made with the defendant, and hold him to that liability.

If the defendant was acting as partner or agent, he should have disclosed the partnership or agency. Not having done so, he assumed the personal liability in his contract, and the justice did not err in rendering judgment against him.

Judgment affirmed.