(7 Misc. Rep. 59.)

### McCOMB v. VON ELLERT.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1. FACTORS AND BROKERS—AGREEMENT TO WAIVE COMMISSIONS.
   Where a broker has produced a purchaser ready and willing to contract on the terms stipulated, a subsequent agreement, without consideration, not to claim his commissions until delivery of the deed, is not binding on him.

2. CONTRACTS—CONSIDERATION.
   A recital, in such agreement, that it was in consideration of the execution of the contract of sale by the vendor, does not establish a valid consideration, as the procuring of the contract of sale was the consideration for the broker's commissions.

Appeal from trial term.

Action by James McComb against Mathilda Von Ellert to recover brokerage on the sale of real estate belonging to defendant. From a judgment entered on a verdict directed in favor of defendant, plaintiff appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Geo. W. Dease, for appellant.
Chas. E. L. Jelliffe, for respondent.

DALY, C. J. According to the testimony of the plaintiff, he was employed by the defendant about October 1, 1890, to sell her property on Lenox avenue. between 113th and 114th streets, for a

commission of 1 per cent. It was to be conveyed subject to a mortgage of $94,000 at 5 per cent. The plaintiff procured a purchaser willing to give $145,000. This was accepted, and his commission agreed to by defendant, and a contract was drawn up and signed by the latter and the purchaser, Joseph Sault, on October 10, 1890. By the contract a delivery of the deed was fixed for November 11, 1890, but was then, and from time to time thereafter, adjourned until January 5, 1891, but the deed was never delivered, nor the sale consummated. At the time the contract was executed the defendant requested the plaintiff to waive his commission for 30 days, because she was getting only $2,000 down, and needed the money to pay off interest and taxes, and thereupon the plaintiff signed a paper as follows:

"I, James McComb, in consideration of Mathilda Von Ellert executing a contract for sale of premises on Lenox Ave., bet. 113 and 114 Sts., N. Y., do hereby agree to neither claim or demand commission for procuring such sale until the title to such premises be closed and deed delivered. Upon such title closing or deed delivered I am to receive one per cent. upon the amount the premises are sold for.

"N. Y., Oct. 9, 1890.                                J. McComb."

The commissions were not paid, and this action was commenced in June, 1891, to recover them. The defendant's evidence was that the plaintiff was employed to find a purchaser upon the condition that he was to receive no commission unless the sale was consummated; there being two mortgages on the property,—one of $175,000, covering it and other lots of defendant; and another of $222,000, covering both of those parcels, and also land belonging to a third party,—and there being an apprehension of difficulty in obtaining the consent of the mortgagee to an apportionment; and it was claimed that the plaintiff's agreement of October 9th expressed the terms of his arrangement as to commissions, and that, as the purchaser declined to complete the sale, no commissions were earned. The plaintiff denied the arrangement that his commissions were to be contingent upon the consummation of the sale, and an issue of fact was thus presented which it was the province of the jury to determine. If the plaintiff's version of the case was correct, he had earned his commissions when he produced a purchaser ready and willing to enter into a contract upon the terms stipulated by the defendant, and a subsequent agreement not to claim or demand commissions was without consideration, and could not affect the defendant's obligation to pay them. Little v. Rees, (Minn.) 26 N. W. 7. The recital in the writing that it was in consideration of defendant executing the contract of sale does not establish a valid consideration, for that was the contract which plaintiff was employed to procure, and, being the consideration for his commissions, it could not be consideration for a waiver of them. It is not necessary to consider how plaintiff's rights might be affected by the fact that the time fixed by the writing for the payment of the commission—i. e. the delivery of the deed—never arrived, for the agreement was invalid even as an extension of the time of payment. The writing would be admissible in evidence upon the issue whether

the original employment was upon condition that if there were no sale there should be no commissions, and the jury might consider it in weighing the evidence upon that question, but it would not be conclusive. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.