(15 Misc. Rep. 645.)

## MOSKOWITZ et al. v. HORNBERGER.

(City Court of New York, General Term. February, 1896.)

1. BROKERS—COMMISSIONS—CONTRACTS.
   A broker having produced a customer under an agreement by which, on such production, he was entitled to commissions, a subsequent agreement with his principal that, unless deeds passed, he should have no commissions, is without consideration.

2. SAME—ACTION FOR COMMISSIONS—EVIDENCE.
   In an action by a broker for commissions for having produced a customer for an exchange of property, defendant may show that the customer's title to his property was not good.

Appeal from trial term.

Action by Joseph Moskowitz and others against George Hornberger for commissions. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before VAN WYCK, C. J., and SCHUCHMAN and Mc-CARTHY, JJ.

Lewis S. Goebel (Edward W. S. Johnston, of counsel), for appellant. David Leventritt, for respondents.

McCARTHY, J.   From an examination of the evidence, it appears that the original agreement between the plaintiffs and defendant took place in the latter part of October or the first of November, and after certain negotiations the contract for the exchange contemplated was signed November 9, 1893.   In the absence of any special agreement at this time, these plaintiffs, upon the production of a purchaser or customer ready, willing, and able to make the exchange as contemplated, became entitled to the commission agreed upon, to wit, 1 per cent., less the $50 for a present to the defendant's wife.   Nor could the plaintiffs be deprived of their commission by reason of any caprice or humor of the defendant, if the other party came within the requirements as stated.   This being the law, in the absence of some special agreement the plaintiffs were entitled to recover.   On the trial, however, the defendant offered in evidence the following agreement, dated November 10, 1893, which was admitted:

"No commissions .to be paid to us by Geo. Hornberger unless deeds to said premises pass, unless Hornberger's title should prove on examination unmarketable, in which event he is to pay the commission, to wit, $400.
   "Dated, November 10, 1893. .                    F. B. Potash.
                                              "Max I. Lefkowitz.
                                              "Jos. Moskowitz.
                                              "A. Roll."

We think this agreement was without consideration, and thus null and void, and did not destroy the plaintiffs' cause of action.   Where, under the original agreement, the broker is entitled to his commission when he has produced a purchaser ready, willing, and able to enter into a contract, a subsequent agreement by the broker, in consideration of the execution of such contract, not to claim or demand commissions until delivery of the deed, is without consideration, and can-

not affect the obligation of the vendor to pay them. McComb v. Von Ellert, 7 Misc. Rep. 59, 27 N. Y. Supp. 372.

This contract of November 10, 1893, being void, left the plaintiffs to pursue their remedy on the same cause of action pleaded. But the plaintiffs, disregarding the fact that the contract just spoken of was void, and accepting it as a valid and binding obligation, proceeded to try the case, not on the cause as set up in the pleadings, but asked and obtained leave, against objection and exception, to amend the complaint in an effort to meet this void agreement. This was, in our judgment, error, since it was proceeding upon an entirely distinct and different cause from that alleged in the complaint, and a recovery here cannot be claimed as secundum allegata et probata. It is apparent, too, that the justice, in rendering his decision, based it entirely upon the agreement which we have declared void. The original cause of action was to effect an exchange of the defendant's property for certain property in Twelfth street. It was immaterial, in the absence of a special agreement, as between plaintiffs and defendant, and is of no consequence, whether defendant's title was marketable or not; but it was important and material, before the plaintiffs could recover, to show that the purchaser or customer whom they produced to the defendant was able and competent to make the contract of exchange, or, in other words, that the title of their customer was good and marketable. We think the trial justice erred in rejecting the evidence offered by the defendant to show that the title of the customer whom the plaintiffs produced was not a good or marketable one, and that he was not the owner or had the right to exchange the property which he offered in exchange for the defendant's. As to the ownership in fee simple by Kempner of the premises in East Twelfth street, we do not think it material, if it is shown that Kempner had the control of the same, although in the name of one Solomon Miller, who, in accordance with the directions and instructions of Kempner, entered into the agreement of exchange for the premises in question, and without objection by the defendant. The exchange was to be a substantial one, not in the name, but in the property and land in question, and for which this defendant agreed to give plaintiffs their commission. The right to show that the customer produced by the plaintiffs was not the owner, and did not have title, as well as that the same was unmarketable, was certainly a condition precedent before the plaintiffs could recover. Without passing upon the other questions raised, we deem these errors sufficient. The judgment is therefore reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.