## ARFMAN v. HARE.

(Supreme Court, Appellate Term. March 21, 1899.)

AGENCY—UNDISCLOSED PRINCIPAL—WARRANTY.
    An agent, who in his own name makes a sale with warranty, without disclosing his principal, is liable for a breach of the warranty.

Appeal from municipal court, borough of Manhattan, Fifth district.
Action by John W. Arfman against M. L. Hare. There was a judgment for plaintiff, and defendant appeals. Affirmed.
Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Betts, Betts, Sheffield & Betts, for appellant.
Wendt & Berry, for respondent.

FREEDMAN, P. J. This action was brought to recover damages for the alleged breach of warranty in the sale of a horse. The court below, by its judgment, decided all disputed questions of fact in favor of the plaintiff. The court had a right to pass upon all questions of fact, and its conclusion in this case cannot be said to be clearly against the weight of evidence. It must be assumed that the court decided that this defendant, at the time the mare in question was offered for sale and struck off to the plaintiff, represented and warranted her to be sound. The defendant must be treated, under all the facts and circumstances of this case, as having been the agent for the real owner; and having failed, as was determined by the trial

court, to disclose his principal, he is therefore liable in damages for such breach of warranty. Argersinger v. MacNaughton, 114 N. Y. 535, 21 N. E. 1022; Cabre v. Sturges, 1 Hilt. 160. Judgment must therefore be affirmed, with costs.

Judgment affirmed, with costs to the respondent. All concur.