### HANN v. BRETTLER et al.

(Supreme Court, Appellate Term. November 29, 1907.)

1. BROKERS—COMPENSATION.

A real estate broker, acting for both vendor and purchaser without the knowledge of the vendor, is not entitled to receive a commission on the sale.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 48–50.]

2. SAME—EMPLOYMENT—EVIDENCE OF AGENCY.

Defendants employed K. to secure a purchaser for certain real estate. After doing so he assigned to the purchaser part of his commission. In an action by the assignee to recover the amount, evidence as to whether K. was agent for both parties examined, and *held* sufficient to take the question to the jury.

3. TRIAL—QUESTIONS FOR JURY—CONFLICTING EVIDENCE.

Where the evidence is conflicting, the question is for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 342, 343.]

4. ASSIGNMENTS—ACTIONS—DEFENSES—RELEASE.

Where an assignor of a debt gives a release to the debtor for a valuable consideration, the debtor not having notice of the assignment, the release will be a bar in an action by the assignee against the debtor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Assignments, § 182.]

5. APPEAL.
      Where there is sufficient evidence to sustain the finding of the jury, it
   is not reviewable on appeal.
      [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error,
   §§ 3928–3934.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh
District.

Action by Gussie Hann against Max Brettler and Oswin Stuhmer.
From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and
ERLANGER, JJ.

Sternberg & Jacobson, for appellants.
David W. Rockmore, for respondent.

GILDERSLEEVE, P. J. In September, 1905, plaintiff and her hus-
band, one David Hann, entered into a contract with defendants for
the sale of certain real estate by defendants to plaintiff. One Simon
Koenig was one of the brokers who had brought about the meeting of
minds, and who had been hired by defendants to procure a purchaser
for the property. At or about the time of the signing of this con-
tract, said Koenig received $200 on account of his commissions, and
signed the following receipt:

"Received from Max Brettler and Oswin Stuhmer [the defendants] the sum
of two hundred dollars, part commission on sale of premises 437–439 E. 12th
St. The balance due me, to wit, $225, is to be paid to me when title to said
premises passes. I warrant that Mr. Harry Brettler is entitled to $450 of
the commissions on sale of said premises, and to no part of the balance of
$225 that is due me."

The agreed price for the property was $87,500, and the commissions
were $875, of which Koenig was to have $425 and one Harry Brettler
the remaining $450. The said Koenig swears that he postponed the
time of full payment at the request of defendants, who desired such
postponement for the reason that, as only $800 were paid at the signing
of the contract for the sale of the property, if the full commission were
paid, there would be nothing left for defendants. A few days later, but
at what exact date does not appear, Koenig assigned his claim for the
remaining $225 to plaintiff, who was, as we have seen, one of the pro-
posed vendees under the contract for the sale of the real estate. In
November, 1905, this contract of sale was rescinded by the parties
thereto, and the title was never passed. Plaintiff sued on the assigned
claim for the balance of the commissions to be paid to Koenig, and re-
covered a verdict. From the judgment entered thereon defendants ap-
peal.

Koenig swears that defendants wanted $90,000 for the property, but
that he persuaded them to take $87,500, and offered a part of his com-
mission to plaintiff and her husband to induce them to give $87,500.
He says he "was working for both parties" to bring about the sale, but
was hired by defendants only, and was to get his commissions from
them alone, and was working on both parties to bring about the sale

in order to earn his commission from defendants. If Koenig were really acting as the agent for plaintiff and her husband, as well as for defendants, and if such dual agency were without the knowledge of defendants, he, or his assignee, would not be entitled to the commissions claimed. Duryee v. Lester, 75 N. Y. 442. Under the evidence, however, this was a question of fact, which was properly left to the decision of the jury. So far as Koenig's consent to wait until the passing of the title is concerned, it is evident that at the time of the making of the contract for the sale of the real estate Koenig's full commission had been earned, and it had become due and owing at the time of the assignment of the claim therefor to plaintiff, unless there was a good consideration given for Koenig's consent to postpone payment until the passing of title. Moskovitz v. Hornberger, 20 Misc. Rep. 558, 46 N. Y. Supp. 462, McAdam, J.; McComb v. Von Ellert, 7 Misc. Rep. 59, 27 N. Y. Supp. 372, Daly, J.

This question of consideration was properly submitted to the jury by the learned court below, as the evidence on the subject is conflicting. On or about March 9, 1906, said Koenig and the said Harry Brettler executed and delivered to defendants a general release, which, however, was not under seal, by which instrument the said Koenig and Harry Brettler released all claims against defendants which they (Koenig and Harry Brettler) "ever had, now have, * * * or hereafter can, shall, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever, from the beginning of the world to the day of the date of these presents." The release recites that the consideration was $709, and defendants claim that Koenig wanted another job from them, and that in consideration of getting it, with the resulting compensation, he agreed to release the disputed claim in suit. Koenig maintains that he received $175, instead of $709, and that this amount was earned in another matter, and that he signed the release because he thought that by his assignment of the claim in suit to plaintiff, in October, 1905, he had divested himself of title to the claim, and therefore that he himself had no claim against defendants for the said balance due for commissions, and he denies that he ever intended to release plaintiff's said claim. The only consideration for the release, according to Koenig, was the payment of $175, which, as we have seen, he asserts had been earned in another matter, and he maintains that, so far as the claim in suit is concerned, no consideration whatever was given for releasing the same.

Defendants claim that they had no notice or knowledge of the assignment to plaintiff at the time the release was given. Assuming this to be so, defendants had a right to deal with Koenig as the owner of the claim, and any valid bargain or agreement which Koenig made with them in respect thereto would be binding on his assignee, the plaintiff (Huntington v. Potter, 32 Barb. [N. Y.] 300; Reed v. Marble, 10 Paige [N. Y.] 409; Heermans v. Ellsworth, 64 N. Y. 159), so that, if a good consideration were given for a release of the claim in suit, such release would be a bar to plaintiff's cause of action. This question of defendants' knowledge, as well as that of consideration for the release, was left to the jury by the learned court in a charge to which

no exception was taken, and upon these questions, as well as upon those above mentioned, the finding of the jury is final, as there is sufficient evidence to sustain the conclusion reached by them.

The judgment should be affirmed, with costs. All concur.