### TAUBENBLATT v. GALEWSKI.

(Supreme Court, Appellate Term. February 7, 1908.)

1. BROKERS—COMPENSATION—PERSONS LIABLE.

One who employed a broker to find a purchaser for real estate, and who did not disclose to the broker that he was acting as an agent, and did not disclose his principal until after the broker had found a purchaser, was liable to the broker for commissions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 62.]

2. CONTRACTS—MODIFICATION—CONSIDERATION.

Where a real estate broker found a purchaser ready and willing to contract on the terms stipulated, a subsequent agreement by him not to claim any commissions unless a sale should be consummated was void, as without consideration.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Louis Taubenblatt against Charles Galewski. From a judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

Monfried & Feinberg, for appellant.
Hymes, Woytisek & Schaap, for respondent.

GERARD, J. The plaintiff sues as assignee of real estate brokers claiming commissions on sale of property from defendant. Defendant wrote to plaintiff's assignor as follows:

"Some time ago you offered me for the property 2155 Fifth avenue $24,000. Is your client still willing to give the above amount? If so, bring him at my office tomorrow, Friday, about 11 a. m., as I think we will be able to do some business together."

Plaintiff's assignor accordingly called with Lowenstein, the proposed purchaser. Lowenstein told defendant that he was willing to take the house at $24,000, and defendant said he was willing to sell it at

that, and it was then agreed that the parties should call the following day at defendant's office, 280 Broadway. The next day the parties went to 280 Broadway, and a contract was drawn there for the sale of their property. This contract was made between one Nellie Voit, sister of defendant, and Lowenstein. On the same day plaintiff's assignor signed a paper which recited that a certain conditional assignment of contract between Nellie Voit and Albert L. Lowenstein, covering premises No. 2155 Fifth avenue, Manhattan borough, New York City, was about to be entered into; that it was agreed in consideration of the signing of the contract, that if for any reason whatsoever title be not taken by the said Lowenstein or assigns at the time mentioned in said contract, then and in that event the broker thereby agreed not to accept or demand any compensation or commission for whatever services he might have rendered in said sale, and thereby agreed to release said Nellie Voit from all claims and demands whatsoever arising by virtue of said assignment or otherwise. If said title be taken by the said Lowenstein, and same be marketable, the broker was to receive the sum of $240. Nellie Voit also signed this paper, and the defendant signed as follows: "I hereby guarantee the above agreement."

It is claimed by the plaintiff that this agreement was signed after the contract for the sale of the premises was signed, and by the defendant that it was signed before the contract for the sale of the premises was signed. Whether it was signed before or after the signing of the contract is immaterial, in view of the uncontradicted testimony that Lowenstein and Galewski came to an agreement as to the price on the preceding day. A broker is entitled to his commissions when he has produced a purchaser ready and willing to enter into a contract on the employer's terms; and where the broker has produced a purchaser ready and willing to contract on the terms stipulated, a subsequent agreement, without consideration, not to claim his commissions until the happening of some other contingency, is not binding on him, and a recital in such agreement that it is in consideration of the execution of the contract of sale does not establish a valid consideration, as the procuring of the contract of sale was the consideration for the broker's commissions. McComb v. Von Ellert, 7 Misc. Rep. 59, 27 N. Y. Supp. 372; Moskowitz v. Hornberger, 15 Misc. Rep. 645, 38 N. Y. Supp. 114; Hough v. Baldwin, 50 Misc. Rep. 546, 99 N. Y. Supp. 545. The defendant, although he may not have been the owner of the premises, having dealt with plaintiff's assignor as principal, and not having disclosed his principal until after the plaintiff's assignor had produced a purchaser ready and willing to purchase on the terms fixed by defendant, is liable for the commissions earned by plaintiff's assignor. Meeker v. Claghorn, 44 N. Y. 349. See, also, Arfman v. Hare, 27 Misc. Rep. 777, 57 N. Y. Supp. 759.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.