(61 Misc. Rep. 246.)

### ROHKOHL v. SUSSMAN.

(Supreme Court, Appellate Term. December 16, 1908.)

1. BROKERS (§ 52*)—COMMISSIONS—COMPLETION OF EMPLOYMENT.
   Where a broker is employed to effect an exchange of property, he earns his commission when the contract of exchange is executed.
   [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 73; Dec. Dig. § 52.*]

2. BROKERS (§ 40*)—EMPLOYMENT CONTRACT—MODIFICATION—CONSIDERATION.
   A broker's employment contract provided that in consideration of $1 and other good and valuable considerations, and of entering into the agreement of exchange of premises, the contract for which had been executed that day, that plaintiff agreed to pay defendant $100 for procuring the exchange if and when the deeds should be delivered under contract of exchange, defendant agreeing that they should not be entitled to payment if deeds were not executed, etc. No consideration was proved to have passed at the time the contract was executed. *Held*

that, the broker's commissions having been already earned by the execution of the exchange contract before the employment contract was executed, the broker's agreement that he should not be entitled to fees, unless title passed, was invalid for want of consideration.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 40; Dec. Dig. § 40.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Magdalena Rohkohl against William S. Sussman. From a Municipal Court judgment dismissing the plaintiff's complaint, and awarding defendant judgment on a counterclaim, plaintiff appeals. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Leon Kronfeld, for appellant.

David J. Gallert (Alfred A. Walter and Walter S. Heilborn, of counsel), for respondent.

GIEGERICH, J. The action is to recover the sum of $50 paid by the plaintiff to the defendant, who did business under the name and style of William S. Sussman & Co., as part of his brokerage for effecting an exchange of lands, but claimed by the former to have been paid upon the agreement that it was to be returned if title to such lands should fail to pass. Title thereto did not pass. The defendant claims that he was employed as a broker in the transaction, and that the reasonable value of his services was $140; that this sum was earned when he brought the parties to an agreement; and that, although he thereafter agreed to wait until title was closed for the balance of his brokerage and to return the $50 so received if title was not passed, such agreement was wholly without consideration. He accordingly counterclaimed for $90, the difference between the said sums of $140 and $50. The trial justice dismissed the complaint, and awarded the defendant $50 and his counterclaim, and the plaintiff has appealed to this court.

At the trial the plaintiff rested her case upon the introduction in evidence of the agreement between the parties, which was marked "Exhibit I," and which reads as follows:

"In consideration of the sum of one ($1) dollar and other good and valuable considerations and of entering into the agreement of exchange of the premises hereinafter mentioned, W. S. Sussman & Co. do hereby agree with Magdalena Rohkohl and warrant that they are the only brokers who have brought about the exchange of her property on 137th street, borough of the Bronx, city of New York, for property of Ida Krauss on 168th street in said borough and city the contract for said exchange having this day been executed and the said Magdalena Rohkohl does hereby agree to pay to said W. S. Sussman & Co. the sum of one hundred ($100.) dollars for procuring said exchange if and when the deeds of said property shall be delivered, as agreed in said contract of exchange and the said Sussman & Co. further agree that they shall not be entitled to the payment for any services in case the said deeds are not executed and delivered as agreed in said contract. And the said Sussman & Co. further agree that the said sum of one hundred shall be in full payment of all commissions and brokerage on such exchange.

"Dated this 12th day of February, 1908.

"W. S. Sussman & Co.,              by W. S. Sussman."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant also signed the following receipt when the $50 was paid to him by the plaintiff, viz.:

"Received on account of the above the sum of $50. the same to be returned in case title is not passed on the property described above.
        "W. S. Sussman & Co.,                    by W. S. Sussman."

. The plaintiff contended upon the trial that such agreement (Exhibit I) was signed simultaneously with the contract of exchange (defendant's Exhibit A), but the defendant insisted that it was afterward. Whatever conflict of testimony there may have been upon the subject was resolved in defendant's favor as we must assume from the judgment rendered. As the defendant earned his commission when the contract of exchange was executed, and nothing further remained to be done on his part (Meltzer v. Straus, decided at the present term of this court, 113 N. Y. Supp. 583), there was no consideration for the agreement above set forth (Exhibit I). Taubenblatt v. Galewski (Sup.) 108 N. Y. Supp. 588, 589, and cases there cited.

It is urged by the defendant, however, that such agreement expresses a consideration other than that "of entering into the contract of exchange," viz., "the sum of one ($1) dollar and other good and valuable considerations," and that there was no evidence that such consideration did not pass. Although there is not direct evidence upon the point, the circumstances surrounding the transaction, which were fully inquired into upon the trial, fairly warrant the inference that no such consideration was given, especially in view of the absence of proof that any consideration whatever passed. Fargis v. Walton, 107 N. Y. 398, 402, 14 N. E. 303. There was no question raised upon the trial as to the employment of the defendant by the plaintiff. No motions were made when the plaintiff rested or at the close of the whole case; and the question of the defect of evidence on this point cannot be raised for the first time on appeal. Bevins' and Rogers' Appellate Court Practice, pp. 74, 79, and cases there cited. But, if the question could be raised, the record discloses ample proof of such employment.

The fact that the defendant acted as a broker for the other party to the exchange appears to have been known to the plaintiff, and the latter cannot, therefore, withhold the payment of the balance of his commission on this ground. Tieck v. McKenna, 115 App. Div. 701, 101 N. Y. Supp. 317.

The judgment should therefore be affirmed, with costs. All concur.