(61 Misc. Rep. 260.)

### GREENWALD v. ROSEN.

(Supreme Court, Appellate Term. December 24, 1908.)

BROKERS (§ 63*)—COMPENSATION—CONSTRUCTION OF CONTRACT.

A contract for the exchange of real property provides "that no commissions are to be paid until title is passed. If for any reason title cannot be passed, no commissions are to be paid whatever," and the contract was signed by the owners of the respective parcels of real estate and by the brokers. Defendant who had employed plaintiff failed to perform his part of the agreement, although the other party was ready and willing to perform his part. *Held*, that the contract did not contemplate an arbitrary refusal of defendant to complete the exchange, but provided for a failure to exchange because of circumstances beyond defendant's control, and defendant was liable for commissions.

[Ed. Note.—For other cases, see Brokers. Cent. Dig. §§ 81, 94, 96; Dec. Dig. § 63.*]

Appeal from City Court of New York, Trial Term.

Action by Max Greenwald against Abraham Rosen. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Jacob Reiger, for appellant.
Stanton & Hopkins, for respondent.

FORD, J. Defendant respondent owned real property which he desired to exchange for other property. Plaintiff appellant found a person who owned real property which the defendant agreed to take in exchange for his own. The parties met to sign the binder to the exchange, but, before signing it, the defendant exacted from the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff a promise that he would wait for his commission until the exchange was actually effected. Accordingly the following clause was inserted:

"It is understood by the brokers in this deal that no commissions are to be paid until title is passed; if for any reason title cannot be passed no commissions are to be paid whatever."

The contract with this clause in it was signed by the owners of the respective parcels of real estate and by the brokers including the plaintiff; the other brokers being certain persons who had aided the plaintiff in bringing about the agreement. Signing of the contract for the exchange was to have taken place on January 22, 1907, but was adjourned to January 24th, and further to January 28th, at which last-named date the defendant failed to appear, and, so far as the record shows, has failed to perform his part of the agreement, although for all that appears the other party was ready, able, and willing to perform his part. The complaint was dismissed upon the ground that the clause quoted above from the binder barred his claim inasmuch as title had not passed, and therefore plaintiff's commission was not due.

Even admitting that the clause in question is binding upon the plaintiff, the question still remains: How far binding? By no reasonable construction of the language used can it be said that it contemplated an arbitrary refusal of the defendant to consummate the exchange. Its fair intendment was that, if the consummation of the exchange was prevented by circumstances beyond the defendant's control, then in that case the plaintiff must lose his commission. It would be unreasonable to give the language employed a meaning such as would place it absolutely within the power of the defendant, not only to arbitrarily wipe out the plaintiff's earned commission, but to nullify the entire agreement of exchange as well; for a writing whose binding effect is subordinated to the mere whim or caprice of one of the parties to it is no contract at all.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

HENDRICK, J., concurs.

GIEGERICH, J. (concurring). I concur in the views expressed by Mr. Justice FORD. This case differs totally from Rohkohl v. Sussman (decided by us at this term of the court) 113 N. Y. Supp. 586. There the agreement that the broker should have no commission unless the title passed was not made before the contract of exchange was signed, but after, and consequently after the broker had become entitled to his commissions. Such an agreement to forego commissions after they had been earned was without consideration and void. Here the owner would not enter into the agreement of exchange unless the broker would consent to the provision in question, which is therefore based upon a good consideration and enforceable. The present case rather resembles Meltzer v. Straus (likewise decided at this term) 113 N. Y. Supp. 583, where it was held that a

provision somewhat similar to the one here present did not defeat the broker's right to recover under the facts existing in that case, although title had not closed.

The judgment should therefore be reversed and a new trial ordered, with costs to the appellant to abide the event.