## SWEE v. NEUMANN.

(City Court of New York, Trial Term.   May, 1910.)

1. EVIDENCE (§ 265*)—ADMISSIONS.
   Payment by defendant of a commission to procure a cancellation of the contract for an exchange of property precludes her from asserting that the contract was not enforceable, as affecting her broker's right to commission for effecting the contract.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1029–1050; Dec. Dig. § 265.*]

2. BROKERS (§ 86*)—SUIT FOR COMMISSION—PROOF REQUIRED.
   A broker, suing for a commission for effecting an agreement for an exchange of property, was bound to show clearly that he had brought the parties to an explicit and valid agreement, and that it was defendant's fault that the exchange was not completed.
   [Ed. Note.—For other cases, see Brokers, Dec. Dig. § 86.*]

3. CONTRACTS (§ 75*)—CONSIDERATION.
   A real estate broker's right to a commission for producing a purchaser who enters into an enforceable contract is not affected by his subsequent agreement to take less commission or to wait until the making of the contract; such agreement being void as without consideration.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 273–285; Dec. Dig. § 75.*]

4. BROKERS (§ 63*)—COMMISSIONS—AGREEMENTS.
   Though a broker, for a good consideration, agrees that he shall not receive a commission until title passes, he is entitled to one though title does not pass, where the fault is the principal's, or where the transaction fails because he changes his mind or interposes additional terms.
   [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 79, 81, 94–96; Dec. Dig. § 63.*]

5. BROKERS (§ 32*)—RIGHT TO SERVE TWO PARTIES.
   It is not per se unlawful for one to act as broker for both buyer and seller without disclosure, since the broker may be a mere middleman; it being only where his employment is that of an agent with discretionary authority that he cannot accept employment from one whose interests conflict with his principal's.
   [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 25; Dec. Dig. § 32.*]

6. BROKERS (§ 65*)—DUAL CAPACITY—RIGHT OF PRINCIPAL.
   One cannot avoid liability for a broker's commission for effecting a contract for an exchange of property, because the broker acted for both parties, if the principal knew that he was so acting.
   [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 48–50; Dec. Dig. § 65.*]

7. BROKERS (§ 39*)—COMMISSION—RIGHT TO.
   A broker's right to commission for effecting a contract for the exchange of property is not affected by the fact as to whether an agreement for his compensation was made before or after the contract for exchange.
   [Ed. Note.—For other cases, see Brokers, Dec. Dig. § 39.*]

8. TRIAL (§ 136*)—PROVINCE OF JURY—DETERMINATION OF FACTS.
   The jury are the judges of the facts.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. § 320; Dec. Dig. § 136.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

9. Trial (§ 140*)—Province of Jury—Credibility of Witnesses.

The jury are the judges of the credibility of the witnesses.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 334, 335; Dec. Dig. § 140.*]

10. Trial (§ 139*)—Province of Court—Taking Case from Jury.

A trial court can take the case from the jury only when the evidence so preponderates in one direction that a verdict to the contrary would indicate favor, prejudice, or passion.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332–341; Dec. Dig. § 139.*]

11. Trial (§§ 140, 142, 143*)—Province of Jury.

A case is for the jury, and not the court, where there is a fair conflict in the evidence, and where the witnesses are interested in the result, and where the effect of documents and papers is to be determined and inferences drawn therefrom.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 334–343; Dec. Dig. §§ 140, 142, 143.*]

Action by Abraham Swee against Cecelia Neumann. Judgment for plaintiff.

John R. Jones, for plaintiff.
L. W. Harburger, for defendant.

FINELITE, J. The jury having found a verdict for the sum of $345 in favor of the plaintiff, the defendant, immediately on the rendition of said verdict, moved to set it aside upon the ground that the same was against the evidence—weight of evidence—and for a new trial. It appears from the facts testified to herein: That the plaintiff is a real estate broker, and as such was retained by the defendant to negotiate or obtain an exchange for her property, No. 352 East Third street, in the borough of Manhattan, for other real estate. That said plaintiff proposed several pieces of property to her, all of which she rejected, and not until he proposed the premises No. 11 East 119th street, Manhattan, owned by the Southern Mortgage & Security Company, was she ready to negotiate for an exchange. After said defendant made several examinations of said property, and made inquiries as to the rents, taxes, etc., she then requested the plaintiff to produce the owner of said premises, which he did. After negotiations were going on as to additional cash defendant was to pay to equal the equities of the respective properties, the defendant again made a personal investigation as to the rents, taxes, and running expenses of the said 119th street property, and again requested plaintiff to produce the owner, which he did, and which finally resulted in an agreement as to the terms on which an exchange was to be consummated. Said plaintiff then informed defendant that his commission was to be 1 per centum on the price of her property in the exchange. Said defendant agreed to this, and plaintiff contends that she also agreed to pay him an additional sum of $200 for the trouble and labor he had on her behalf. That on the next day they all met at her attorney's office, at her request previously made, to reduce the negotiations to writing, which was done, and an enforceable contract was executed for the ex-

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

change accordingly. The price of the defendant's property was fixed at the sum of $37,000 and the 119th street property at the sum of $22,900. That at the time of the execution of said contracts for the exchange, and at a few minutes before, defendant demanded that the agreement relative to commissions of the plaintiff be also reduced to writing, but as to the exact time when this was requested appears from the evidence to be conflicting. Plaintiff contends that it was after the contracts were signed, and defendant claims that it was demanded almost simultaneously with the execution of the contracts for the exchange, and thereupon the attorney for the owners of the 119th street property drew up a paper, which said plaintiff was requested to sign, which reads as follows, to wit:

"I, the undersigned, do hereby agree that I are the sole and only brokers who are about to effect the exchange of property 11 East 119th street and 352 East 3d street, both in the borough of Manhattan, city of New York, the terms of which the Southern Mortgage & Security Company and Cecelia Neumann are about to agree upon, and in order to induce them, and before they have agreed upon such terms of this exchange, that we, in consideration of the sum of one dollar and other good and valuable considerations to us in hand paid and delivered, the receipt is hereby acknowledged, agreed:

"That in case a contract of exchange is executed by the said parties and the title under said contract shall actually close, that then and in that case shall we be entitled to receive $50.00 from the Southern Mortgage & Security Company, and the sum of $200.00 from Cecelia Neumann as our commission, compensation and brokerage in effecting said exchange, but that I shall not be entitled to any brokerage, commission, compensation or any other reward if the contract of exchange is made and title therein is not closed, because if said contract which is about to be entered into is to be a conditional contract, and we take effect and be binding in case the parties hereto procuring extension agreements extending time of payment of the first mortgages on their respective properties.

"In witness whereof, the parties hereto have hereunto set their hands and respective seals the 4th day of March, 1910.
"[Signed]                                          A. Swee."

Although said paper was inartificially drawn, and the phraseology ungrammatical, and the name of the plaintiff in the first person, and in the various paragraphs designating him in the second person, yet, irrespective of the ungrammatical errors, the parties hereto admit: That plaintiff was the only broker in the transaction for the exchange; that the time fixed in said contract for the closing and the exchange of deeds was to be on the 23d day of March, 1910, at 2 p. m., at the office of the attorney who now represents the plaintiff. Several adjournments were had, and before the time fixed ·by the last adjournment the defendant, without reason or excuse, changed her mind and refused to carry out the terms of the contract, and thereupon paid to the Southern Mortgage & Security Company, the owners of No. 11 East 119th street, the sum of $275 as a consideration for the cancellation of said contract. Defendant admits that she paid the plaintiff $25, this sum claimed by her to be in full satisfaction for his claim; but the plaintiff, however, claims this amount was paid on account only.

Defendant contends that no enforceable contract was entered into for the exchange, and therefore the plaintiff is not entitled to any compensation. This cannot be seriously contended by defendant, for the reason that she was bound by her contract, and admitted that it

was a valid contract by her paying the consideration for its cancellation. It was no fault of the broker that she changed her mind. It is a fact, as appears from the evidence, that no exchange of property did take place thereafter, and that before defendant should be compelled to pay commission to the plaintiff it was incumbent upon him to show by clear and convincing evidence that he had brought the parties to an explicit and valid agreement for exchange, and that it was the fault of the defendant that such exchange was not effected. Ernst v. Loeb et al., 108 N. Y. Supp. 631. The defendant raises no question that the contract was not a valid one, but contends that said plaintiff made false statements to her as to the rents and running expenses of the said 119th street property; but she admits that during the negotiations, and before entering into the contract, she made examinations of said premises, and was informed by the tenants the amount of rents paid and running expenses per year of the premises.

No legal excuse for the cancellation of the contract was adduced on the trial, nor can she claim that by reason of the plaintiff signing the paper reducing his commissions to the sum of $200, or if the contract is not carried out, that he is estopped from claiming commission. For his compensation is not either defeated or in any way impaired or reduced by an agreement exacted from him after he has produced a principal who enters into an enforceable contract for exchange, either to take less commission or to wait until the making of the contract. He is entitled to his commission when the purchaser is produced and enters into an enforceable contract as aforesaid, and such, and the agreement aforesaid, signed by the broker, is without consideration and in law absolutely null and void. Rohkohl v. Sussman, 61 Misc. Rep. 246, 113 N. Y. Supp. 586; Dayton v. Am. Steel & Barge Co., 36 Misc. Rep. 223, 73 N. Y. Supp. 316–321. Even where the agreement of a broker, based upon good consideration, is that he shall not be entitled to commission unless and until title passes, the broker is still entitled to commission, notwithstanding that title does not pass, where the fault is that of the seller, and where the transaction is not consummated because the seller changed his mind, interposed additional terms, or refuses finally to consummate the transaction. Greenwald v. Rosen, 61 Misc. Rep. 260, 113 N. Y. Supp. 764.

The plaintiff was acting as a broker for both parties for the exchange, and it is not per se unlawful for one to act as the broker for the buyer and seller without disclosing the fact. The broker may be a mere middleman. It is only where his employment is that of an agent with discretionary authority from his principal in the matter of such employment that he cannot accept employment from another whose interests conflict with those of the first principal. Haviland v. Price, 6 Misc. Rep. 372, 26 N. Y. Supp. 757; Bonweil v. Auld, 9 Misc. Rep. 65, 29 N. Y. Supp. 15; Empire St. Ins. Co. v. Am. Cent. Ins. Co., 138 N. Y. 446, 34 N. E. 200; Knauss v. Goetfried Kruger Brewing Co., 142 N. Y. 70, 36 N. E. 867; Siegel v. Rosenzweig, 129 App. Div. 547, 114 N. Y. Supp. 179; Norton v. Genessee Nat. Savings Ass'n, 57 App. Div. 520, s. c., 68 N. Y. Supp. 32; Siegel v. Gould, 7 Lans. 177; Kalley v. Baker, 132 N. Y. 1, 29 N. E. 1091, 28 Am. St. Rep. 542; Charles v. Cook et al., 88 App. Div. 81, 84 N. Y. Supp.

867. The defendant was aware that the plaintiff was acting as her broker, as well as for the owner of the 119th street property, and her contention that he could not act in a dual capacity is not tenable.

The plaintiff was entitled to his commission of 1 per centum, irrespective of any other promise made by her to him for the additional compensation. Nor can she contend that the agreement was signed by him after the contract for the exchange was executed, as was said in Taubenblatt v. Galewski, 108 N. Y. Supp. 588, as follows:

"It is claimed by the plaintiff that this agreement was signed after the contract for the sale of the premises was signed, and by the defendant that it was signed before the contract for the sale of the premises was signed. Whether it was signed before or after the signing of the contract is immaterial, in view of the uncontradicted testimony that Lowenstein and Galewski came to an agreement as to the price on the preceding day. A broker is entitled to his commission when he has produced a purchaser ready and willing to enter into a contract on the employer's terms; and where the broker has produced a purchaser ready and willing to contract on the terms stipulated, *a subsequent agreement, without consideration, not to claim his commissions until the happening of some other contingency is not binding on him*, and a recital in such agreement that it is in consideration of the execution of the contract of sale does not establish a valid consideration as to the procuring of the contract of sale was the consideration for the broker's agreement." McComb v. Von Ellert, 7 Misc. Rep. 59, 27 N. Y. Supp. 372; Moskowitz v. Hornberger, 15 Misc. Rep. 645, 38 N. Y. Supp. 114; Hough v. Baldwin, 50 Misc. Rep. 546, 99 N. Y. Supp. 545.

The plaintiff was the only witness on his own behalf, and the defendant testified on her behalf, neither having additional witnesses as to the transaction in dispute, and the jury believed the plaintiff's version of the questions in dispute. It is for the jury to decide the facts, and they could believe either party. It could give more credit to plaintiff's evidence than to the defendant's, and in this respect the court cannot interfere; and it is only when the evidence is so preponderating in one direction that a verdict to the contrary would indicate that the jury was actuated by favor, prejudice, or passion that the court would have a right to take the case from the jury and determine the facts itself. Where there is a fair conflict in the evidence, and where the witnesses are parties who are interested in the result of the action, and documents and papers, the effect of which is to be determined, and the inferences from which are to be drawn, the question of fact must be determined by the jury, and not by the court. Layman v. Anderson & Co., 4 App. Div. 124, 38 N. Y. Supp. 883. The jury, by their verdict, believed the plaintiff, and it should not now be disturbed by the court.

The motion must therefore be denied. The defendant may have an exception to the court's ruling, with 10 days' stay of execution, and 30 days within which to make and serve a case.